UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER and YOON DOELGER, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 21-cv-11042-AK |
| v. | ) ) ) | |
| JPMORGAN CHASE BANK, N.A. and CHICKASAW CAPITAL MANAGEMENT, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER

March 21, 2022

**A. KELLEY, D.J.**

This is a diversity action concerning the fiduciary relationship between Plaintiffs, who are individual investors, and Defendants, who are financial services companies. At issue is Plaintiffs' motion to admit attorney James R. Serritella *pro hac vice*. Although such admissions are normally routine matters, Defendants oppose Mr. Serritella's admission on the grounds that his proposed dual role as counsel and potential trial witness would violate the Massachusetts Rules of Professional Conduct. For the reasons explained below, Plaintiffs' motion will be GRANTED, and Mr. Serritella will be admitted *pro hac vice*.

**I.     Background**

On June 23, 2021, Plaintiffs commenced this action by filing a nine-count complaint. [Dkt. 1 ("Complaint")]. Plaintiffs allege that they had a longstanding investment advisory relationship with Defendants, and, at one point, invested large sums of money in master limited partnerships on Defendants' advice, which resulted in Plaintiffs' loss of approximately $20

1

million.  [See generally id.].  Plaintiffs allege Defendants committed a variety of common-law and statutory violations through their investment of Plaintiffs' funds, including breaches of common-law duties and covenants and violations of Massachusetts and Florida consumer protection statutes.  [See generally id.].  Plaintiffs further allege that Defendants breached a contract governing the investor-advisor relationship between the parties and made material misrepresentations in a 2015 letter concerning Plaintiffs' investments.  [See generally id.]. Defendant JPMorgan Chase Bank ("JPMC") has brought three contractual counterclaims against Plaintiffs.  [Dkt. 25 at 93–95].

Plaintiffs' complaint was signed by Mr. Serritella and by attorney Joshua Gardner, who is a member of the bar of this Court.  [Complaint at 50].  Mr. Serritella indicated on the complaint that his *pro hac vice* admission was pending.  [Id.].  In October 2021, Plaintiffs filed the instant motion to admit Mr. Serritella *pro hac vice*.  [Dkt. 29 ("Motion")].  Defendants opposed this motion.[1]  [Dkt. 35 ("Opposition")].

**II.    Legal Standard**

An attorney who is not a member of the bar of this Court may be admitted *pro hac vice* in accordance with Local Rule 83.5.3.  Admission is by leave of court, Local R. 83.5.3(e)(1), and must be moved by a member of the bar of this Court who has filed an appearance in this action, Local Rule 83.5.3(e)(2).  The attorney seeking admission must file a certification indicating that he or she (A) is a member in good standing of the bar in every jurisdiction in which he or she has been admitted to practice; (B) is not the subject of any pending disciplinary proceedings; (C) has

---

[1] JPMC filed a brief in opposition to Plaintiffs' motion.  [Dkt. 35 ("Opposition")].  Defendant Chickasaw Capital Management did not join this brief, but orally registered its opposition to the motion at a hearing on March 2, 2022.

not had a previous *pro hac vice* admission to this Court revoked for misconduct; and (D) has read and agreed to comply with the Local Rules.  Local R. 83.5.3(e)(3).

If an attorney's application satisfies the requirements of Local Rule 83.5.3, the District Court has broad discretion to grant or deny *pro hac vice* admission.  See Frazier v. Heebe, 482 U.S. 641, 651 n.13 (1987) (noting that "in many District Courts the decision on whether to grant *pro hac vice* status to an out-of-state attorney is purely discretionary"); Panzardi-Alvarez v. United States, 879 F.2d 975, 980 (1st Cir. 1989) (holding that "[a]dmission before the Bar traditionally has been considered primarily and initially subject to control by the admitting court and this control is subject to review only by reason of abuse of discretion or constitutional infirmities in the exercise of the control").

Motions for *pro hac vice* admission "are generally granted as a matter of course."  Pease v. Burns, 679 F. Supp. 2d 161, 164 (D. Mass. 2010).  Courts in Massachusetts have equivalated a party's opposition to a *pro hac vice* motion to a motion for attorney disqualification.  See PCG Trading, LLC v. Seyfarth Shaw, LLP, 951 N.E.2d 315, 318 & n.6 (Mass. 2011) (applying rule for disqualification motions to establish jurisdiction to review a *pro hac vice* contest).  In general, "courts disfavor motions to disqualify," which "must be considered in light of the principle that courts should not lightly interrupt the relationship between lawyer and client."  Eaves v. City of Worcester, No. 12-cv-10336-TSH, 2012 WL 6196012, at *2 (D. Mass. Dec. 11, 2012) (internal alteration and quotation marks omitted).  The party seeking to disqualify an attorney bears the burden of establishing grounds for disqualification.  Carta ex rel. Estate of

Carta v. Lumbermens Mut. Cas. Co., 419 F. Supp. 2d 23, 29 (D. Mass. 2006); see Ebix.com, Inc. v. McCracken, 312 F. Supp. 2d 82, 90 (D. Mass. 2004).

### III. Discussion

Plaintiffs' motion to admit Mr. Serritella *pro hac vice* satisfies the requirements of Local Rule 85.5.3.  Defendants move to exclude Mr. Serritella on grounds that (1) he will be a necessary witness at trial, creating a conflict, and (2) that he violated the Massachusetts Code of Professional Conduct by making false statements to the Court.  [Opposition at 1].  Although Defendants have represented that they intended to call Mr. Serritella as a witness at trial, they have not satisfied the burden of establishing that Mr. Serritella must be disqualified from representing Plaintiffs in this matter.  We address each of Defendants' arguments in turn.

#### A. Mr. Serritella's Role as Attorney and Witness

Massachusetts Rule of Professional Conduct 3.7(a) ("Rule 3.7(a)") provides that a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work a substantial hardship on the client."[2]  The purpose of this rule is "to mitigate potential jury confusion, to avoid the difficulties of cross-examining an adversary and to diminish the appearance of impropriety where an attorney leaves counsel table for the witness chair." Smaland Beach Ass'n, Inc. v. Genova, 959 N.E.2d 955, 967 (Mass. 2012) (alterations in original omitted).  Likewise, the official comment to ABA Model Rule 3.7, which is identical to Massachusetts's Rule 3.7, "emphasizes that what the rule tries to prevent is a situation where a

---

[2] The Massachusetts Rules of Professional Conduct, as set forth by Rule 3:07 of the Massachusetts Supreme Judicial Court, comprise this Court's rules of professional conduct.  Local R. 83.6.1(a).

4

witness at trial is also the trial lawyer." Culebras Enters. Corp. v. Rivera-Rios, 864 F.2d 94, 99 (1st Cir. 1988) (citing ABA Model R. 3.7). A lawyer is likely to be a necessary witness where "the proposed testimony is relevant, material, not merely cumulative, and unattainable elsewhere." Carta, 419 F. Supp. 2d at 29 (quoting Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 239 F. Supp. 2d 1170, 1173 (D. Colo. 2003)).

Here, JPMC argues that Mr. Serritella is a necessary witness who participated, in his capacity as Plaintiffs' attorney, in several communications between Plaintiffs and Defendants that form the basis for Plaintiffs' claims and JPMC's counter-claims. Specifically, JPMC alleges that Mr. Serritella (1) was present during discussions between Plaintiffs and officers of JPMC concerning a home-equity line of credit; (2) participated in February 2020 telephone calls between Plaintiff Yoon Doelger and JPMC banker James Baker during which Mrs. Doelger expressed concerns regarding the declining value of Plaintiffs' investments and requested advice; and (3) discussed proposed financial transactions with Mr. Baker in March 2020. [Opposition at 14–16]. Further, JPMC argues that Mr. Serritella is an essential witness to Plaintiffs' allegation that Peter Doelger experienced cognitive decline during the course of his advisory relationship with Defendants. [Id. at 16–17].

At this early stage of litigation, the Court cannot determine whether Mr. Serritella's testimony on any of these topics would be "relevant, material, not merely cumulative, and unattainable elsewhere." See Carta, 419 F. Supp. 2d at 29. JPMC asserted at the March 2, 2022 hearing on this motion that it intends to call Mr. Serritella as a witness at trial, and briefed in detail the topics on which it may seek to elicit his testimony. [See Opposition at 14–17]. But weighing the relevance and materiality of hypothetical testimony at this stage of proceedings would require premature engagement with the issues of fact at the heart of this case. Likewise, the Court cannot determine which, if any, portions of Mr. Serritella's proposed testimony would

be cumulative or attainable elsewhere before the parties have conducted any fact discovery. JPMC, in effect, asks the Court to accept its rudimentary trial blueprint as a truth unshakable by whatever developments may occur between now and the date of trial. The Court declines this invitation.

Because the Court cannot determine whether Mr. Serritella will be a necessary trial witness at this stage, the question is to what degree Mr. Serritella may be admitted *pro hac vice* to participate in pretrial litigation. It is clear that Mr. Serritella's potential testimony at trial cannot be grounds for disqualification from all pretrial matters. Rule 3.7(a) provides only that a lawyer who is a necessary witness "shall not act as an advocate *at a trial*." (emphasis added). The limiting phrase "at a trial" is significant: As the Massachusetts Supreme Judicial Court, which enacted the rule, has held, Rule 3.7(a) does not "encompass a lawyer-witness's pretrial representation" of their client. Smaland, 959 N.E.2d at 996. If a judge disqualifies an attorney based on Rule 3.7(a) alone, she "is limited to barring the attorney's participation at trial" and "[a]ny disqualification that might extend to pretrial activities must derive from a different source." Id. at 967; see also Culebras Enters. Corp., 846 F.2d at 99 (interpreting ABA Model Rule of Professional Conduct 3.7(a), which is identical to Massachusetts Rule of Professional Conduct 3.7(a), to permit "the rendition of case-related out-of-court services prior to trial"). And the record is replete with cases in which a court has deferred on the question of whether a lawyer's testimony will be necessary and permitted that lawyer to serve as counsel during pretrial litigation.[3] See, e.g., Mansor v. JPMorgan Chase Bank, N.A., No. 12-cv-10544-JGD, 2017 WL 4159935, at *2 (D. Mass. Sept. 19, 2017) (citing Smaland to hold that Rule 3.7(a)

---

[3] JPMC briefly argues that, although Rule 3.7(a) could not disqualify a member of the bar of this Court from pretrial litigation, it could be read to disqualify a *pro hac vice* applicant from being admitted for purposes of pretrial litigation. [Opposition at 19]. It provides no case law in support of this theory.

6

cannot be grounds for disqualification from pretrial activities); Francesca Records v. Geils Unlimited Research, LLC, No. 12-cv-11419-FDS, 2013 WL 3967970, at *6 (D. Mass. July 30, 2013) (permitting defense attorney to participate in pretrial matters where plaintiffs had "yet to explain the testimony they intend[ed] to elicit" from him).

      A closer question is whether Mr. Serritella should be disqualified from participating in *specific* pretrial activities that may create a conflict with his potential role as a trial witness. JPMC cites to Mansor, in which another session of this Court endorsed an oral agreement between the parties prohibiting an attorney-witness from serving as trial counsel or speaking on the record at forthcoming depositions. 2017 WL 4159935, at *4. In that case, five years after the complaint was filed, the plaintiffs informed the defendant—who, incidentally, was JPMC—that one of plaintiffs' attorneys would be a necessary fact witness at trial. Id. at *1. JPMC moved, as they do here, to disqualify the attorney from all pretrial litigation, including attending depositions and reviewing the deposition transcripts of witnesses.[4] Id. at *1, *3. The Mansor Court applied a good-cause standard to that motion and held that JPMC had not made the "particular factual demonstration of potential harm" necessary to establish that good cause existed to prevent the attorney from participating in discovery. Id. at *3 (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)). Nevertheless, the Court endorsed the parties' agreement restricting the attorney from speaking on the record at future deposition. Id. at *4.

      Here, JPMC has not made a "particular factual demonstration of potential harm" that could result from Mr. Serritella's participation in any form of pretrial litigation. Anderson, 805 F.2d at 7. At the hearing on this motion, the only specific pretrial event JPMC requested Mr.

---

[4] In Monsor, JPMC raised arguments that the attorney should be disqualified under Massachusetts Rules 1.7 and 3.4(g) in addition to Rule 3.7(a), but the Court dismissed JPMC's arguments about the other rules and appears to have based the restrictions it placed on the attorney solely on Rule 3.7(a). See 2017 WL 4159935 at *3.

7

Serritella be excluded from was the upcoming hearing on Plaintiffs' motion to dismiss JPMC's counterclaims. JPMC did not provide particular facts in support of its argument that the Court would be prejudiced by Mr. Serritella's participation in this hearing. Accordingly, Mr. Serritella will not be excluded from this hearing under Rule 3.7(a).

### B. Mr. Serritella's Candor to the Court

JPMC further argues that Mr. Serritella should not be admitted *pro hac vice* because he violated Massachusetts Rule of Professional Conduct 3.3(a)(1), which provides that "[a] lawyer shall not knowingly … make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law made to the tribunal by the lawyer." [Opposition at 7]. In support of this argument, JPMC alleges that the complaint—which both Mr. Serritella and Mr. Gardner, a member of the bar of this Court, signed—contains false and misleading allegations concerning several disputes of fact material to the ultimate resolution of this case. [Opposition at 8–13].

The Court is perplexed by JPMC's argument. JPMC's disagreement with Plaintiffs' framing of the facts of the case puts them in the company of the vast majority of civil defendants who are served with a complaint. The function of a complaint is to put the Court and defendant on notice as to the nature of the plaintiff's claims. Where the facts alleged in the complaint are in dispute, the parties litigate them. If JPMC believes that the complaint's allegations are not rooted in fact, its recourse is to file one of the several dispositive motions permitted by the Federal Rules, not to oppose the *pro hac vice* admission of Plaintiffs' counsel.[5]

---

[5] JPMC also argues that Mr. Serritella violated rule 3.3(a)(1) by failing to disclose his familial relationship to Plaintiffs. [Opposition at 8]. The Court is not aware of any such disclosure requirement.

## IV.     Conclusion

Although an attorney may not serve as trial counsel where he or she is a necessary trial witness, the record in this case is not sufficiently developed for the Court to conclude that Mr. Serritella will be a necessary witness.  Further, JPMC has not established good cause for restricting Mr. Serritella's participation in any phase of pretrial litigation.  The Court may entertain future motions to exclude Mr. Serritella from specific pretrial activities if they are supported by "particular factual demonstrations of potential harm."  Anderson, 805 F.2d at 7.  In the absence of such a showing, however, the principle that a court "should not lightly interrupt the relationship between a lawyer and a client" must govern.  Slade v. Ormsby, 872 N.E.2d 223, 545 (Mass. App. Ct. 2007) (internal alternations and citations omitted).

For the forestated reasons, Plaintiffs' Motion for Admission of James R. Serritella *Pro Hac Vice* is GRANTED.

IT IS SO ORDERED.

Dated: March 21, 2022                                           /s/ Angel Kelley
                                                                                    Hon. Angel Kelley
                                                                                    United States District Judge