UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOON DOELGER and PETER DOELGER,<br><br>         *Plaintiffs,*<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., and CHICKASAW CAPITAL MANAGEMENT, LLC,<br><br>         *Defendants.* | No. 1:21-cv-11042-AK |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE REBUTTAL EXPERT REPORTS**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT ........................................................................................................................ 5

    I.    Legal Standard ................................................................................................ 5

    II.   The Rebuttal Reports Are Timely – As Defendants Have Conceded ............. 6

    III.  Plaintiffs Had No Obligation To Disclose Rebuttals in Their Expert Designations ........ 7

    IV.  The Rebuttal Reports Are Not "Sur-Rebuttals" (Not That It Matters) ............ 8

    A.    None of the Rebuttal Reports are "Sur-Rebuttals" ......................................... 8

    B.    After All That, Defendants Want Sur-Rebuttals Too ..................................... 9

    C.    It Doesn't Matter Whether They Are Sur-Rebuttals Anyway ....................... 9

    V.   Any Fault With the Rebuttal Reports is Substantially Justified, Harmless, or Both ..... 11

CONCLUSION .................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*103 Investors I, L.P. v. Square D Co.*,
　372 F.3d 1213 (10th Cir. 2004) ...................................................................................................7

*Cabi v. Boston Children's Hosp.*,
　2017 U.S. Dist. LEXIS 148164 (D. Mass. Sep. 13, 2017) ..........................................................6

*Crawford-Brunt v. Kruskall*,
　489 F. Supp. 3d 4 (D. Mass. 2020) .............................................................................................5

*D.G. v. Henry*,
　2011 U.S. Dist. LEXIS 77243 (N.D. Okla. July 15, 2011)........................................................10

*Glass Dimensions, Inc. v. State St. Bank & Trust Co.*,
　290 F.R.D. 11 (D. Mass. 2013)...................................................................................................8

*Houle v. Jubilee Fisheries, Inc.*,
　2006 U.S. Dist. LEXIS 1408 (W.D. Wash. Jan. 5, 2006)....................................................10, 11

*La. Health Care Self Ins. Fund v. United States*,
　2014 U.S. Dist. LEXIS 101686 (M.D. La. July 25, 2014) .......................................................10

*Miller v. Thayer Corp.*,
　2011 U.S. Dist. LEXIS 91526 (D. Me. Aug. 17, 2011).............................................................10

*Ritch v. A M Gen. Corp.*,
　1997 U.S. Dist. LEXIS 24196 (D. N.H. Nov. 17, 1997) .................................................6, 7, 11

*Rothenberg v. Std. Ins. Co.*,
　2012 U.S. Dist. LEXIS 80925 (D. Colo. June 12, 2012)....................................................10, 11

*Stormo v. State Nat'l Ins. Co.*,
　2022 U.S. Dist. LEXIS 243905 (D. Mass. Jun. 10, 2022) ..........................................................5

*Thibeault v. Square D Co.*,
　960 F.2d 239 (1st Cir. 1992)........................................................................................................6

*In re Zofran (Ondansetron) Prods. Liab. Litig.*,
　2019 U.S. Dist. LEXIS 174721 (D. Mass. Oct. 8, 2019) ...........................................................5

**Other Authorities**

Fed. R. Civ. P. 26................................................................................................................ *passim*

Fed. R. Civ. P. 37(c) ..................................................................................................................5, 11

Plaintiffs, by and through their undersigned counsel, submit this memorandum of law in opposition to Defendants' motion (hereinafter the "Motion") to strike the August 16, 2023 Rebuttal Report of Dr. Dale E. Panzer (the "Panzer Rebuttal"), the August 25, 2023 Rebuttal Report of David Tilkin (the "Tilkin Gillespie Rebuttal"), and (by implication) the August 30, 2023 Rebuttal Report of David Tilkin (the "Tilkin Palzer Rebuttal") and the September 6, 2023 Rebuttal Report of Robert Jones (the "Jones Rebuttal"; collectively the "Rebuttal Reports").

## PRELIMINARY STATEMENT

Two themes have arisen over the course of this litigation. The first theme is that Defendants have consistently gone beyond merely litigating the causes of action to repeatedly assert that Plaintiffs **do not have the right** to litigate their case. The second theme is that such assertions are all too often made with a complete absence of legal authority.

Defendants have now applied this approach to Plaintiffs' expert witness testimony, seeking to strike the Rebuttal Reports as untimely or otherwise improper. This despite conceding that no time limit for rebuttals was set forth in the Scheduling Order, and that in the absence of such an order the 30-day rule under Rule 26 prevails. Defendants characterize the Rebuttal Reports as improper "sur-rebuttals," despite wavering on whether their own reports are rebuttals (in which case some of them would be untimely), and then requesting what would expressly be sur-rebuttal reports in response. Defendants also fail to show how they are harmed by the Rebuttal Reports, or why Plaintiffs were not substantially justified in their actions.

In short, this motion is meritless, without legal or procedural authority, illogical, self-contradictory, and frankly absurd. The Motion must be denied.

## STATEMENT OF FACTS

The Scheduling Order in this case was issued on April 21, 2022. *See* Declaration of James Serritella ("Serritella Decl.") ¶ 2; *see also* Dkt. No. 67. The Order set deadlines for the provision

of Plaintiffs' and Defendants' expert reports, but – as Defendants concede in their motion – provided no deadline for either designating or providing reports from rebuttal experts. *See id.*

Plaintiffs served their expert designations on December 20, 2022, designating David Tilkin, Robert N. Jones, and Dr. Amy Peters (subsequently replaced by Dr. Dale E. Panzer following discovery of a conflict after the designations were served) as Plaintiffs' experts. *See* Defendants' Ex. 1. Plaintiffs' expert designations expressly reserved Plaintiffs' rights to amend or supplement these designations and topics, including specifically "the right to call rebuttal expert witness[es]" and "other issues that may reasonably arise during depositions and/or Defendants' production of additional documents or discovery." *See id.* At no time did Defendants object to Plaintiffs' reservation of rights to call rebuttal witnesses or amend or supplement their expert designations and topics. *See* Serritella Decl. ¶ 4.

Plaintiffs served Defendants with the reports of Dr. Panzer ("Panzer") and Robert Jones ("Jones") on May 17, 2023, and the report of David Tilkin ("Tilkin") on May 24, 2023, in compliance with the applicable deadlines. *See id.* ¶ 5.

Plaintiffs subsequently provided supplements or amended reports from both Jones and Tilkin, as explicitly allowed (and indeed required) under Rules 26(e)(1)(A) and (e)(2). All such amendments were provided within the time limit set forth in Rules 26(a)(3)(B) and (e)(2) – that is, at least 30 days before trial. The specific circumstances of these amendments are set forth in detail in the declaration, but the larger point is that Plaintiffs did their best to resolve the issues as they became known quickly and in good faith, and made all reasonable efforts to accommodate Defendants, including agreeing to produce Jones for an additional day of deposition after his amended report was served. *See id.* ¶¶ 6-11.

Defendants' expert designations were served on or around January 26, 2023. *See id.* ¶ 12;

*see also* Ex. D.  Defendants noticed four expert witnesses: Keith Palzer ("Palzer"), Merle Erickson ("Erickson"), Dr. Ziv Cohen ("Cohen"), and Phillip Gillespie ("Gillespie").  Palzer was noticed to testify on 5 topics, including damages "to the extent that topic is not addressed by Dr. Erickson."  Defendants' Ex. 2 at 2.  Erickson was noticed to testify on 4 topics, including damages "to the extent that topic is not addressed by Mr. Palzer."  *Id.* at 3.  Cohen and Gillespie were noticed to testify on 3 and 2 topics respectively.  *See id.*  In addition to each of the identified topics, Defendants stated that they "anticipate" that each of their listed experts will testify in rebuttal.  *Id.* at 2-4.  Defendants also reserved the right to call an additional, unidentified expert to testify at trial.  *See id.* at 4.

The reports of Cohen, Gillespie, and Erickson were respectively served on July 17, July 26, and August 7, 2023.  *See* Serritella Decl. ¶ 13.  Palzer served two separate reports: one concerning Defendants' liability that was served on July 31, 2023, and one concerning damages that was served on August 7, 2023.  *See id.*  At no time prior to the service of Palzer's second report did Defendants ever inform Plaintiffs that he would be submitting two separate reports on different topics.  *See id.*

Pursuant to Rule 26(a)(2)(D)(ii), all of the Rebuttal Reports were served within 30 days of the reports they rebut.  On August 16, 2023 – within 30 days of service of Cohen's report – Plaintiffs served Defendants with the Panzer Rebuttal.  *See id.* ¶ 14; *see also* Defendants' Ex. 6.  On August 25, 2023 – within 30 days of service of Gillespie's report – Plaintiffs served Defendants with the Tilkin Gillespie Rebuttal.  *See id.*; *see also* Defendants' Ex. 10.  On August 30, 2023 – within 30 days of service of Palzer's liability report – Plaintiffs served Defendants with the Tilkin Palzer Rebuttal.  *See id.*; *see also* Ex. E.  On September 6, 2023 – within 30 days of Palzer's damages report – Plaintiffs served Defendants with the Jones Rebuttal.  *See id.*; *see also* Ex. F.

3

The structure of the Panzer Rebuttal makes clear its nature as a rebuttal report. Nearly every one of the fifty numbered paragraphs in the report begins by describing a specific statement or omission in Cohen's report, which Panzer then addresses. *See* Ex. 6. Where Panzer references his initial report, it is for the purpose of directing the reader to said report (rather than bolstering or reiterating the initial report within the rebuttal), or to contrast his own approach to Cohen's methodology. *See id.* Panzer expressed no opinions on capacity in his initial report, while Cohen discussed it at length in his report; accordingly, all of the opinion offered in the Panzer Rebuttal regarding capacity is solely in response to Cohen's statements.

The majority of the Tilkin Gillespie Rebuttal is structured similarly to the Panzer Rebuttal, in that it sets forth statements made by Gillespie and then offers Tilkin's response to those statements. *See* Ex. 10 at 6-13. As for the Jones Rebuttal and Tilkin Palzer Rebuttal, those rebuttal reports were served after the Motion was filed, but Defendants peremptorily moved to strike them anyway without even knowing their contents. But they too are both structured as rebuttals, responding to opinions offered by the respective reports they are rebutting. *See* Exs. A, B.

Defendants originally objected to the Rebuttal Reports on the grounds that Defendants' expert reports were already rebuttal reports, and as such the Rebuttal Reports were improper sur-rebuttals. *See* Serritella Decl. ¶18. However, at deposition Cohen testified that his opinion was "not developed in response to anything – any opinion held by Dr. Panzer." Ex. C 54:14-16. Palzer acknowledged that where he is "engaged to specifically to rebut," he entitles his reports accordingly (which he did not do here). Ex D. 56:1-4. And Erickson acknowledged at deposition that Jones had not offered an opinion in his report on several of the subjects on which he opined in his report. *See* Serritella Decl. ¶ 18.[1] Gillespie was deposed before Defendants raised this

---

[1] An official transcript of Erickson's deposition is not yet available.

argument, but of the 26 substantive pages of Gillespie's report, only about seven of them – roughly a quarter of the entire report – purport to be in response to Tilkin's report. *See* Defendant's Exhibit 9 at 19-26.

Defendants' expert designations also clearly state that the noticed experts anticipated testifying on several topics separate from any rebuttal testimony. *See* Ex. D. Notably, if these reports <u>were</u> rebuttals, both Gillespie's report and Palzer's liability report would be untimely, as they were served more than 30 days after Tilkin's report.

## ARGUMENT

### I. Legal Standard

The rule Defendants purportedly bring this motion under is Rule 37(c)(1), which simply provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Rule 37 is triggered by such a failure "unless the failure was substantially justified or is harmless." *Stormo v. State Nat'l Ins. Co.*, 2022 U.S. Dist. LEXIS 243905, at *5 (D. Mass. Jun. 10, 2022).

The rules for the disclosure, service, and timing of expert reports are set forth in Rule 26. Rule 26(a)(2)(D)(ii) sets forth that – in the absence of a court order otherwise – expert rebuttal reports are to be served "***within 30 days*** after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added); *see also Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 4, 6-7 (D. Mass. 2020) ("The Court did not set a separate deadline for disclosure of rebuttal expert reports. That meant, under Rule 26, that the parties could choose to disclose a rebuttal expert report within 30 days after disclosure of the original report."); *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 174721, at *46 (D. Mass. Oct. 8, 2019) ("because the Order set no deadline for the filing of a rebuttal expert report by GSK, the default rule of Fed. R. Civ. P. 26(a)(2)(D)

5

applies"); *Cabi v. Boston Children's Hosp.*, 2017 U.S. Dist. LEXIS 148164 at *4 (D. Mass. Sep. 13, 2017) ("[s]ince the court did not set a deadline for rebuttal reports in its scheduling order, the thirty-day default under Rule 26(a)(2)(D)(ii) applied"). Notably, Rule 26(a)(2) "does not further require a party to make an additional disclosure upon deciding to use their expert also in rebuttal." *Ritch v. A M Gen. Corp.*, 1997 U.S. Dist. LEXIS 24196, at *2-3 (D. N.H. Nov. 17, 1997).

Because of the severe consequences of barring a party from presenting such relevant testimony at trial, "the First Circuit has acknowledged that preclusion of expert testimony is a grave step, not to be undertaken lightly." *Cabi*, 2017 U.S. Dist. LEXIS 148164, at *3 (internal quotation marks removed) (quoting *Thibeault v. Square D Co.*, 960 F.2d 239, 247 (1st Cir. 1992)).

## II. The Rebuttal Reports Are Timely – As Defendants Have Conceded

Defendants concede, as they must, the Scheduling Order is silent as to rebuttal reports. Defendants even go one step further and concede – again as they must – that unless the scheduling order says otherwise, the 30-day deadline governs. "***If a scheduling order only addresses case-in-chief reports from experts, then Rule 26(a)(2)(D)(ii)'s 30-day deadline governs for rebuttal of expert disclosures.***" Motion at 9 (emphasis added).

As set forth in detail, all of the Rebuttal Reports were served on Defendants within 30 days of Defendants' service of the respective rebutted report. Given both Defendants' concessions and the overwhelming legal authority that the 30-day time period set forth in Rule 26(a)(2)(D)(ii) is controlling, this should be the end of this discussion. Defendants' motion must be denied on this point alone.

Undaunted by the lack of any authority to support their position, Defendants next appear to argue that either: 1) the expert disclosure deadlines in the Scheduling Order apply to ONLY affirmative reports; or 2) the expert disclosure deadlines in the Scheduling Order apply to both affirmative reports AND rebuttal reports. Either argument leads to an outcome that is either absurd

or expressly against Defendants' contentions. If the Scheduling Order deadlines apply only to affirmative reports, then (as Defendants have conceded) the 30-day time limit of Rule 26(a)(2)(D)(ii) applies. And if the Scheduling Order deadlines applied to both affirmative and rebuttal expert reports (which it does not say), then the Order would necessarily have to be read to require Plaintiffs to produce their rebuttal reports on the same deadline as their main reports, ***before Defendants' expert reports***. This is an interpretation federal courts have expressly rejected. *See, e.g., 103 Investors I, L.P. v. Square D Co.*, 372 F.3d 1213, 1216 (10th Cir. 2004) (trial court abused its discretion when it precluded plaintiffs rebuttal expert report as untimely pursuant to a scheduling order in which plaintiff's rebuttal expert reports were due *before* defendant's affirmative expert reports, thereby putting plaintiffs "in the impossible situation of attempting to rebut something that it had not yet seen.").

### III.     Plaintiffs Had No Obligation To Disclose Rebuttals in Their Expert Designations

Having already lost their own motion, Defendants nonetheless press forward, and attempt to circumvent controlling law and rules of procedure by asserting – on zero legal or procedural authority – that the Rebuttal Reports are somehow improper because they were not disclosed in Plaintiffs' expert designations.

This is simply not the law, as parties have no obligation to make a separate designation for rebuttals by their own already-disclosed expert witnesses. *See, e.g., Ritch*, 1997 U.S. Dist. LEXIS 24196, at *2-3. However, in addition to not having any legal basis whatsoever, Defendants' proffered rule is also contradicted by all available facts and logic.

First, and again, Defendants concede that the Court "***set no deadlines for Plaintiffs to designate rebuttal experts or submit rebuttal reports***." Motion at 3 (emphasis added). Second, Defendants acknowledge that they were aware Plaintiffs reserved their right to call rebuttal experts since at least December 20, 2022. *See* Declaration of Ryan Baker ¶ 3. Third, by the very nature

7

of rebuttal, whether or not a party may wish to submit a rebuttal report cannot be determined until after the receipt of that which it seeks to rebut.  Moreover, as Plaintiffs were required to submit their designations first under the Scheduling Order, ***Plaintiffs did not yet even know whether Defendants anticipated submitting expert reports at all***, let alone by whom or on what topics.  Defendants' proffered rule would require parties – especially plaintiffs – to predict the future.

### IV.     The Rebuttal Reports Are Not "Sur-Rebuttals" (Not That It Matters)

The Rebuttal Reports are all proper rebuttal reports that address the contents of their respective expert reports.  Nothing in their contents is of the nature of a "sur-rebuttal."  Moreover, even if they somehow were sur-rebuttals, such reports are not generally barred in the First Circuit, and Defendants have made no showing of why they should be here.

#### A.  None of the Rebuttal Reports are "Sur-Rebuttals"

Defendants' argument that the Rebuttal Reports are improper sur-rebuttal reports, which appears to be the vestigial remains of their now-abandoned argument that all of their expert reports are in fact rebuttal expert reports.  This is completely belied by the facts.

As set forth *supra*, everything – or so close to everything as to render any remainder *de minimis* – in the Rebuttal Reports is explicitly in response to the contents of the respective Defendants' expert report they are rebutting.  An expert report is acknowledged to be a rebuttal report where the rebutting expert responds to the other side's report.  *See, e.g., Glass Dimensions, Inc. v. State St. Bank & Trust Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013) (finding a report to be a true rebuttal report where from "the outset of his report, Harmon declares his intention to respond to Blount.  Harmon then engages in a point-by-point rebuttal of the Blount Report.").  Indeed, Defendants even seem to concede as much, arguing that the Panzer Rebuttal "attempts to attack Dr. Cohen's opinions" and the Tilkin Gillespie Rebuttal "attempts to attack Mr. Gillespie's opinions," leaving one to wonder what Defendants think a rebuttal report is.  Motion at 17.

8

In the Motion, Defendants assert that portions of the Tilkin Gillespie Rebuttal are in response to portions of Gillespie's report that are explicitly in response to Tilkin's report in chief. However, of the fourteen quotes from Gillespie's report to which Tilkin responds in the pages indicated by Defendants, only four are pulled from the relevant portion of Gillespie's report, and **_not a single one_** contains a specific attack on an opinion articulated in Tilkin's report in chief.

Moreover, as set forth *supra*, Defendants' reports are not themselves rebuttal reports, as set forth in Defendants' expert designations, and as maintained in the witnesses' testimony. As a matter of logic the Rebuttal Reports cannot be sur-rebuttals without rebuttals to respond to. And if Defendants maintain that their reports are rebuttals, both both Gillespie's report and Palzer's liability report would be untimely, as they were served more than 30 days after Tilkin's report.

### B. After All That, Defendants Want Sur-Rebuttals Too

After devoting a substantial portion of their argument to the claim that sur-rebuttal reports are improper and must be stricken on that basis, Defendants astonishingly claim that their experts may need to issue "responses" to the Rebuttal Expert Reports. Motion at 18. This bizarre request undermines every legal argument Defendants make in the Motion, and underscores how the purpose of this request has nothing to do with any actual procedural impropriety by Plaintiffs, but rather the failings of Defendants' experts.

### C. It Doesn't Matter Whether They Are Sur-Rebuttals Anyway

Whether or not the Rebuttal Reports are "sur-rebuttals," as Defendants argue, is ultimately irrelevant, as this Circuit has not ruled on the acceptability of so-called sur-rebuttal reports – which Defendants, again, concede in their papers. Motion at 14 ("district courts in the First Circuit do not appear to have explicitly addressed whether a party's expert may issue a sur-rebuttal report").

The sole case from within the First Circuit that Defendants have cited against sur-rebuttals is inapposite, as it was specifically addressing the issue of a rebuttal expert who was not previously

9

disclosed as an expert for plaintiff's case-in-chief.  *See Miller v. Thayer Corp.*, 2011 U.S. Dist. LEXIS 91526, at *3 (D. Me. Aug. 17, 2011) (specifically noting that the case should be distinguished from a prior ruling where "the critical point in that discussion [was] that it was a supplemental designation of an expert already timely designated").

Defendants' case law from outside the Circuit is also inapposite.  In *D.G. v. Henry*, the court considered adding *new* experts for the purpose of rebutting opposing counsel's experts, where the original experts are "are qualified to and capable of defending their own reports." *D.G. v. Henry*,  2011 U.S. Dist. LEXIS 77243, at *8 (N.D. Okla. July 15, 2011).  And the remaining cases cited by Defendants all involve rebuttal expert reports that were admittedly filed in response to what is agreed by both parties to be a rebuttal report – the exact reports Defendants now request to make.  *See La. Health Care Self Ins. Fund v. United States*, 2014 U.S. Dist. LEXIS 101686, at *4 (M.D. La. July 25, 2014); *Rothenberg v. Std. Ins. Co.*, 2012 U.S. Dist. LEXIS 80925, at *4-5 (D. Colo. June 12, 2012); *Houle v. Jubilee Fisheries, Inc.*, 2006 U.S. Dist. LEXIS 1408, at *4-5 (W.D. Wash. Jan. 5, 2006).

If anything, each of these cases cited by Defendants in fact only serves to fortify Plaintiffs' position.  The *La. Health Care* court held that Fed. R. Civ. P. 26(a)(2)(D)(ii) grants each party a *right* to a rebuttal report.  *La. Health Care*, 2014 U.S. Dist. LEXIS 101686, at *4.  In *Rothenberg*, the Court addressed a scheduling order which mirrored that in the instant matter to the extent that it provided for staggered deadlines with respect to expert disclosures, with the deadline for defendant's experts coming after the deadline for plaintiff's experts.  *See Rothenberg*, 2012 U.S. Dist. LEXIS 80925, at *4-5.  Despite meaning that defendant's affirmative expert disclosures could be, in part, "responsive" to plaintiff's affirmative expert disclosures, the *Rothenberg* court did not view this as rendering the affirmative expert disclosures rebuttal reports in and of

10

themselves, nor did the court view this as precluding either plaintiffs from filing rebuttal ports to these "responsive" affirmative disclosures, or defendants from exercising their right to rebuttal reports. *Id*. Finally, the *Houle* court noted how "[o]rdinarily, if expert B rebuts expert A, expert A will be able to address the defects in expert B's testimony," which is <u>precisely</u> what Plaintiffs have sought to do with the Rebuttal Reports. *Houle*, 2006 U.S. Dist. LEXIS 1408, at *5, n.4; *see also Ritch*, 1997 U.S. Dist. LEXIS 24196 at *2-3.

Regardless of whether the Court may choose to review the Rebuttal Reports line-by-line to determine whether any of the content therein is actually in sur-rebuttal rather than rebuttal, there is no legal authority for striking them on that basis, and certainly no authority for striking the entire reports on the basis of partial sur-rebuttability.

**V.     Any Fault With the Rebuttal Reports is Substantially Justified, Harmless, or Both**

Even if the Court were to accept Defendants' invitation to create new procedural rules and find that the Rebuttal Reports are untimely, they still would not merit preclusion under Fed. R. Civ. P. 37(c)(1), as their disclosure was substantially justified and harmless. Defendants have made no showing why Plaintiffs were not substantially justified in serving the Rebuttal Reports or relying on the 30-day rule under Rule 26(a)(2)(D)(ii).

Moreover, Defendants have made no efforts to explain how they are harmed or prejudiced by the Rebuttal Reports. By consent of the parties, expert depositions remain ongoing, and Plaintiffs have offered to make their experts available for additional limited depositions on the contents of the Rebuttal Reports if Defendants feel the need for additional questioning. Defendants have even gone so far as to request sur-rebuttals of their own. There has been no showing of harm here sufficient to trigger Rule 37.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request this Court deny Defendants' motion in its entirety.

Dated:  New York, New York
September 13, 2023

Respectfully submitted,

YOON DOELGER and PETER DOELGER

By their attorneys,

/s/ James R. Serritella
James R. Serritella (*Pro Hac Vice*)
Misha M. Wright (*Pro Hac Vice*)
KIM & SERRITELLA LLP
110 W. 40th Street, 10th Floor
New York, NY 10018
T - (212) 960-8345
jserritella@kandslaw.com
*Pro Hac Vice*

Joshua W. Gardner (BBO No. 657347)
GARDNER & ROSENBERG P.C.
One State Street, Fourth Floor
Boston, Massachusetts 02109
T - (617) 390-7570
josh@gardnerrosenberg.com

## **CERTIFICATE OF SERVICE**

I certify that on this date the foregoing motion with all accompanying papers was filed electronically with the Clerk of the Court by CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of this Court's CM/ECF electronic filing system. Parties may access this filing through the Court's system.

Date: September 13, 2023                                              /s/ James R. Serritella
                                                                                          James R. Serritella, *pro hac vice*