UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOON DOELGER, and<br>PETER DOELGER,<br><br>*Plaintiffs,*<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., and<br>CHICKASAW CAPITAL MANAGEMENT,<br>LLC,<br><br>*Defendants.* | No. 1:21-cv-11042-AK |

**DEFENDANTS' MOTION FOR CLARIFICATION
WITH RESPECT TO TRIAL DATE SCHEDULING**

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Chickasaw Capital Management, LLC ("Chickasaw") (collectively, "Defendants") respectfully move for clarification as to whether the Court presently intends trial in this action to commence on April 1, 2024, notwithstanding the pendency of Defendants' Motion for Summary Judgement ("MSJ") (Doc. Nos. 273, 276-78), which remains to be resolved by this Court after the Report and Recommendation is issued. If the April 1 date is still operative, Defendants respectfully request that this trial date be removed from the calendar pending resolution of the MSJ. Proceeding with a trial that may be altered or obviated in whole or in part depending on the outcome of the MSJ would impede trial preparation and impose unnecessary cost and burden on the parties and this Court. Accordingly, Defendants request that this Court clarify that trial is not calendared for April 1, 2024, at this time, and if the Court deems it appropriate, that this Court place a scheduling conference on the calendar to discuss trial scheduling, if any, when the MSJ is at or near final resolution.

## PROCEDURAL HISTORY

I. THE SCHEDULING ORDER

On April 21, 2022, this Court adopted a scheduling order that Defendants and Plaintiffs Peter and Yoon Doelger (collectively "Plaintiffs") submitted jointly the previous day (the "Scheduling Order"). The Scheduling Order indicated that "Dispositive motions must be filed by September 15, 2023." (Doc. No. 67 ¶ 4(j).) It further provided as follows:

> A trial date will be set no sooner than ninety days after any dispositive motions are resolved, or if the parties do not file any dispositive motions, then no sooner than ninety days after either (i) the parties inform the Court in writing that they do not intend to file dispositive motions, or (ii) the deadline for the filing of dispositive motions referenced above has passed.
>
> Alternatively, if the Court wishes to proceed with calendaring trial dates, the parties are available for trial between April 1, 2024, and May 31, 2024. The parties respectfully request that approximately two weeks be set aside for purposes of trial.

(*Id.* ¶ 4(k).) In the docket entry adopting the Scheduling Order, the Court also (a) confirmed the September 15, 2023 deadline for dispositive motions, and (b) stated that "Bench Trial set for 4/1/2024 at 9:00AM in Courtroom 8." (Doc. Entry 67.)

II. DISPOSITIVE MOTION DEADLINES ARE EXTENDED BY MONTHS AS A RESULT OF PLAINTIFFS' ADJOURNMENT REQUESTS AND MOTION PRACTICE

The Court's deadline for dispositive motions remained unchanged until the fall of 2023, when several actions taken by Plaintiffs resulted in the extension of those deadlines.

*First*, Plaintiffs filed a motion to amend the complaint on August 2, 2023 (Doc. No. 230). Realizing that Plaintiffs' motion to amend could affect Defendants' anticipated MSJ, during the September 13, 2023 hearing on Plaintiffs' motion Magistrate Judge Boal ("M.J. Boal") "extend[ed] the deadline for dispositive motions to one week after [the Court's] decision is issued on the motion to amend." (Doc. Entry 260.) M.J. Boal denied the motion to amend shortly

thereafter, on September 21, 2023, and as a result, Defendants were required to (and ultimately did) file their MSJ on September 28, 2023.

*Second*, Plaintiffs requested that the 21-day deadline for their MSJ opposition deadline be extended by an additional 19 days; Defendants did not oppose Plaintiffs' request on the condition they receive a proportional extension on the MSJ reply.  (Doc. No. 285 ¶¶ 6-7 & n.1.)  Ultimately, the Court granted reduced extensions that resulted in an MSJ opposition deadline of October 31, 2023, and an MSJ reply deadline of November 28, 2023.

*Third*, Plaintiffs filed a motion for leave to file a surreply on November 30, 2023, which Defendants opposed.  (Doc. Nos. 326, 327.)  Ultimately, the Court granted Plaintiffs' motion, while noting that "No further pleadings with respect to this motion will be allowed."  (Doc. Entry 337.)  Plaintiffs filed their surreply on December 13, 2023.  (Doc. No. 338.)

As a result of these three actions by Plaintiffs, the MSJ was not fully submitted until nearly two months after the October 20, 2023 deadline that the original Scheduling Order contemplated.[1]

Separately, the parties filed motions related to the MSJ, including motions to strike.  The Plaintiffs filed the latest of these motions, moving to strike two Defendant declarations on December 12, 2023.  (Doc. No. 335.)  Defendants opposed this motion on December 26, 2023, and Plaintiffs filed a reply on January 3, 2024.  (Doc. Nos. 349, 355.)  At this point, it was mathematically impossible to resolve the MSJ ninety days in advance of an April 1, 2024 trial date.

Just one week later, M.J. Boal held oral argument on the MSJ, on January 10, 2024.  (Doc. Entry 362.)  M.J. Boal's report and recommendation is still pending (which, given the procedural history above, is unsurprising and more than reasonable).

---

[1] The October 20, 2023 deadline comes from the original September 15, 2023 deadline for dispositive motions, coupled with the original 21-day and 14-day deadlines for any opposition and reply, respectively.

3

**GROUNDS FOR REQUESTED RELIEF**

In light of the present posture of this case, an April 1, 2024 trial date would inevitably result in prejudice as well as unnecessary cost and burden to the parties and this Court. Any April 1, 2024 trial date (assuming it is still calendared at all) should be removed from this Court's calendar for at least four reasons.

*First*, the Scheduling Order contemplates a 90-day period for the parties and the Court to prepare for any trial after dispositive motions are resolved—a provision that avoids party prejudice and protects against unnecessary costs and burden. This provision and the April 1, 2024 trial date were entered simultaneously, and both were achievable until MSJ briefing was delayed due to Plaintiffs' actions.

*Second*, the MSJ will almost inevitably affect the scope of any issues to be tried—and of course, Defendants expect the MSJ to eliminate entirely the need to try any of Plaintiffs' claims. It would be a waste of this Court's resources to prepare for and hold a trial under these circumstances.[2]

*Third*, holding trial on April 1, 2024 would cause significant prejudice to Defendants. As that date is only two months away, Defendants would be forced to prepare witnesses and take other steps for trial without knowing what the trial might ultimately look like. Such a result would be

---

[2] During a meet and confer, Plaintiffs suggested that trial should be held in April because a trial is inevitable in light of JPMC's pending counterclaims. Plaintiffs are wrong. First, while the MSJ itself will not automatically resolve JPMC's counterclaims, in the event that Plaintiffs' claims are dismissed through summary judgment, there is a strong possibility that JPMC's counterclaims might be resolved short of holding any trial. Second, if Plaintiffs' claims are dismissed on summary judgment, and if Plaintiffs wish to appeal, the Court may issue final judgment on those claims and stay adjudication of JPMC's counterclaims pending Plaintiffs' appeal. *See, e.g., Patel v. 7-Eleven, Inc.*, 504 F. Supp. 3d 1, 3-4 (D. Mass. 2020). Third, in the event Plaintiffs' claims are dismissed on summary judgment, and assuming Plaintiffs do not immediately appeal, and that JPMC's counterclaims are not resolved short of trial, holding trial a reasonable amount of time after the MSJ is resolved would allow for Chickasaw to be dismissed from the case entirely, and for the remaining trial to be focused only on relevant issues that would be less likely to involve prejudice, errors, and unnecessary expenditures of time and costs.

particularly inequitable since most if not all of the delay in MSJ briefing was caused by Plaintiffs' actions.

*Fourth*, and most importantly, holding trial in two months would inevitably cause this Court to endure the burden of pretrial and trial procedures that could prove entirely unnecessary. After the Report and Recommendation is issued, there is a strong possibility that the MSJ will then be before this Court for its determination. At the same time, pretrial preparations will need to commence immediately if trial is to be held on April 1, 2024. As a result, not only will the parties incur considerable time and expense preparing for an as-yet-undetermined trial, but this Court will be called upon to rule on pretrial motions, hold pretrial conferences, and undergo other pretrial procedures while simultaneously resolving the MSJ. There is no reason that the Court should be burdened in this manner, particularly when some or all of this burden might be avoidable depending on the ultimate resolution of the MSJ.[3]

In light of the foregoing considerations, along with the fact that Defendants have never previously requested a change in any trial dates, Defendants respectfully request that this Court clarify the Scheduling Order by confirming that this matter is not (or is no longer) set for trial on April 1, 2024.

Defendants do not believe it is necessary to take further action at this time with respect to the trial date. That said, if the Court is so inclined (either now or in the near future), it could set a

---

[3] Courts in the District of Massachusetts regularly cancel or postpone trial dates in light of pending summary judgment motions. *See, e.g.*, *Shaw v. BAC Home Loans Servicing, LP*, No. 1:10-cv-11021-DJC, at Doc. No. 78 & Doc. Entries 81, 83 (D. Mass. June 13 & 23, 2014) (upon request, and in light of a pending summary judgment motion, converting final pretrial conference to a hearing on the summary judgment motion and cancelling trial date); *Goguen v. Textron, Inc.*, No. 4:02-cv-40245-FDS, at Doc. Nos. 60-62 & Doc. Entry dated June 15, 2005 (D. Mass. May 16-June 15, 2005) (in wake of filed summary judgment motion, ordering pretrial conference "is hereby cancelled and will be rescheduled by the court"); *Lamorak Ins. Co. v. Certain London Market Co. Reinsurers*, No. 1:18-cv-10534, at Doc. Nos. 70, 142, 170, 171 (D. Mass. Oct. 7, 2019, Nov. 24, 2020 & Apr. 7-8 2021) (notwithstanding order that prior continuation of trial date would be the last, granting further continuance of trial date in light of, *inter alia*, pending summary judgment motion).

scheduling conference for a time when the MSJ is likely to be at or near resolution. At that time, and if necessary depending on the outcome of the MSJ, the parties and the Court can then discuss the trial and its scheduling.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court clarify the Scheduling Order by confirming that this matter is not (or is no longer) set for trial on April 1, 2024. Defendants do not request any other relief, but if this Court deems it appropriate, it is, of course, at liberty to calendar a scheduling conference sometime in the future to hold trial scheduling discussions, if necessary, at a time when the MSJ is at or near resolution.

## CERTIFICATE OF CONFERRAL

Counsel for JPMC hereby certifies that they conferred with Plaintiffs on these issues by telephone on January 26, 2024, and January 31, 2024, but were told that Plaintiffs did not consent to this motion. All attempts to narrow the issues before this Court were unsuccessful.

Dated: February 1, 2024

Respectfully submitted,

/s/ Joan A. Lukey
**MANATT, PHELPS & PHILLIPS LLP**
Joan A. Lukey (BBO #307340)
Max A. Jacobs (BBO #707327)
One Beacon Street, Suite 28-200
Boston, MA 02108
Tel: 617.646.1488
jlukey@manatt.com

**DONTZIN NAGY & FLEISSIG LLP**
Tibor L. Nagy, Jr.*
Tracy O. Appleton*
William H. LaGrange*
31 East 62nd St.
New York, New York 10065

Tel: 212.717.2900
tibor@dnfllp.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

\*Admitted pro hac vice

**FRENIERE LAW GROUP PLLC**
David J. Freniere (BBO No. 552273)
40 Grove Street, Suite 275
Wellesley, MA 02482
Tel: 781.489.5464
dfreniere@frenierelawgroup.com

**BASS, BERRY & SIMS PLC**
Ryan R. Baker\*
The Tower at Peabody Place
100 Peabody Place, Suite 1300
Memphis, TN 38103-3649
Tel: 901.543.5705
rbaker@bassberry.com

*Attorneys for Defendant Chickasaw Capital Management, LLC*

\*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I, Joan A. Lukey, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on February 1, 2024, and that paper copies will be sent to those indicated as non-registered participants on February 1, 2024.

                                             */s/ Joan A. Lukey*
                                             Joan A. Lukey