UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

YOON DOELGER and
PETER DOELGER,

            *Plaintiffs*,

vs.

JPMORGAN CHASE BANK, N.A., and
CHICKASAW CAPITAL MANAGEMENT,
LLC,

            *Defendants*.

No. 1:21-cv-11042-AK

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF
PLAINTIFFS' OBJECTIONS TO JUDGE BOAL'S
REPORT AND RECOMMENDATION ON THE PARTIES' MOTIONS
TO STRIKE AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1(b)(3), Plaintiffs Yoon and Peter Doelger ("Plaintiffs") respectfully request leave to file a twelve (12) page reply ("Reply") in support of Plaintiffs' Objections to Report and Recommendations on Summary Judgment and Motions to Strike (Doc. No. 390) (the "Objections") on or before May 6, 2024.

In support of this Motion, Plaintiffs state that a Reply will substantially assist the Court in reaching a decision on this matter. Plaintiffs note that a similar request was made to file a reply objecting to an order denying leave to amend the complaint (Doc. No. 303), which this Court granted (Doc. No. 341) and that the parties to this litigation have never denied another an opportunity to submit reply papers.

In further support of this request, Plaintiffs state the following:

1

1. In Defendants' Opposition to Plaintiffs' Objections to the Report and Recommendation on Defendants' Motion for Summary Judgment (Doc. No. 398) (the "Opposition"), Defendants[1] make arguments in support of summary judgment on issues which were not addressed by the report and recommendation (Doc. No. 383) (the "R&R"). *See, e.g.*, Opposition at 27-30 (making arguments on economic loss doctrine, statute of limitations, and choice-of-law). Plaintiffs did not address these topics in the Objections because they were not ruled on in the R&R, and thus, Defendants' arguments do not "respond to another party's objections." Fed. R. Civ. P. 72(b)(2).

2. The Opposition raises new arguments not addressed in prior summary judgment briefing, including, but not limited to, the following:

    a. The Opposition defends James Baker's demonstrable forgery of an email to his superiors by, for the first time, stating (without any testimony or affidavit in support thereof) that the false numbers are merely, "add[ing] Mr. Doelgers' other MLP holdings," despite the email specifying which MLP holdings were being addressed. Opposition at 9 (emphasis omitted). Defendants have submitted two prior memoranda of law and two affidavits from James Baker in connection with summary judgment, and Defendants were directly asked about the forged email at oral argument, but never once did Defendants attempt to give an explanation for the false statements contained in it until now. *See* Doc Nos. 276-181, 277, 321, 321-15, 368 (26:3-28:6, 39:7-40:3).

    b. The Opposition argues, for the first time, that Chickasaw should receive the benefit of the limitation-of-liability clause in the General Terms because the

---

[1] Unless otherwise defined herein, capitalized terms shall have the same definitions they have in the Objections.

relationship "flows through" JP Morgan's relationship.  Opposition at 25 n. 124.  This new argument and theory, unsupported by case law, flies in the face of Defendants' countless representations that this clause applied to JP Morgan, and that Chickasaw was not a party to or bound by the terms of any agreement entered into by the Doelgers.

c. The Opposition states, incorrectly and for the first time in any briefing on summary judgment, that the Court has already ruled on the issue of whether Yoon was bound by the Big Boy Letter in the Court's decision on Plaintiffs' motion to dismiss JP Morgan's counterclaims.  Opposition at 15.  In any event, the Court has not ruled on this issue and Defendants fail to address all *three* criteria set forth by the Court on the issue.  Doc. No. 72 at 15.

On April 29, 2024, Plaintiffs contacted Defendants in an effort to obtain their assent to this motion.  This email chain is attached hereto as **Exhibit A**.  Defendants stated they would only assent to a Reply due May 3, 2024, and only under the conditions that (1) Plaintiffs are "not permitted to introduce any new documents, facts, or legal arguments in the reply" and (2) Plaintiffs would guarantee their assent to Defendants' filing a 12-page sur-reply by May 10, 2024,[2] "in the event Defendants determine" it is needed.  As to condition one, Plaintiffs' need for the Reply is based on the new arguments raised by Defendants, which require new arguments, and potentially facts and documents, in response.  As to condition two, Defendants have called this very type of request "premature" just over two weeks ago when Plaintiffs made a similar ask regarding the Reply.  *See* Doc. No. 393-1 at 2.

---

[2] The sur-replies that have been filed in this matter have generally been of roughly half the length and with roughly half the time of replies, so a deadline of May 10, 2024 for any sur-reply filed in response to a reply filed May 6, 2024, should the Court deem it necessary, would be perfectly in keeping with this.  *See, e.g.*, Doc. No. 257, Doc. No. 326 (requesting deadlines and page limits of roughly half of those granted for the replies they would respond to).

Further, Plaintiffs maintain that one extra business day for their reply is reasonable given the circumstances. We note that Plaintiffs have rarely asked for an extension in this case, and Plaintiffs' counsel is currently working on an appellate brief due next week in a complex class action concerning cryptoassets, which is pending before the Second Circuit Court of Appeals. Plaintiffs further note that the Court recently granted Defendants' request for four extra business days to file their opposition papers.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and grant them leave to file a twelve (12) page reply on or before May 6, 2024.

Dated:  New York, New York
         April 29, 2024

Respectfully submitted,

YOON DOELGER and PETER DOELGER

By their attorneys,

/s/ James R. Serritella
James R. Serritella*
Justin Stone*
Hannah R. Freiman*
KIM & SERRITELLA LLP
110 W. 40th Street, 10th Floor
New York, NY 10018
T - (212) 960-8345
jserritella@kandslaw.com
jstone@kandslaw.com
hfreiman@kandslaw.com
*admitted Pro Hac Vice

Joshua W. Gardner (BBO No. 657347)
GARDNER & ROSENBERG P.C.
One State Street, Fourth Floor
Boston, Massachusetts 02109
T - (617) 390-7570
josh@gardnerrosenberg.com

## CERTIFICATE OF GOOD-FAITH CONFERAL PURSUANT TO LOCAL RULE 7.1

Undersigned counsel for Plaintiffs Yoon and Peter Doelger, Hannah R. Freiman, hereby certifies that he conferred via electronic mail with Defendants' counsel on April 29, 2024, concerning this motion, at which time Defendants declined to assent to said motion without imposing a shorter deadline and additional conditions.

/s/ Hannah R. Freiman<br>
Hannah R. Freiman

**CERTIFICATE OF SERVICE**

    I certify that on this date the foregoing motion, with all accompanying papers, was filed electronically with the Clerk of the Court by CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of this Court's CM/ECF electronic filing system. Parties may access this filing through the Court's system.

Date: April 29, 2024

/s/ Hannah R. Freiman
Hannah R. Freiman
