UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOON DOELGER, and<br>PETER DOELGER,<br><br>                         *Plaintiffs*,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A. and<br>CHICKASAW CAPITAL MANAGEMENT,<br>LLC,<br><br>                         *Defendants*. | No. 1:21-cv-11042-AK |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR
<u>OBJECTIONS TO THE REPORT AND RECOMMENDATION</u>**

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Chickasaw Capital Management, LLC ("Chickasaw," and together with JPMC, "Defendants") write in opposition to Plaintiffs Yoon and Peter Doelgers' ("Plaintiffs") motion (Doc. No. 399, the "Motion") for leave to file a reply in support of their objections (Doc. No. 391, the "Objections") to Magistrate Judge Boal's Report and Recommendation (Doc. No. 383, the "R&R") recommending summary judgment be granted on all of Plaintiffs' claims.

As Defendants previously informed Plaintiffs, Defendants do not believe that a reply brief is warranted, given, *inter alia*, the parties' lengthy briefing already submitted to date. (*See* Doc. No. 399-1 (Ex. A) at 3). That said—and only if this Court believed such additional briefing would be helpful for it to reach its decision—Defendants were willing not to oppose Plaintiffs' reply request on two conditions, both of which Plaintiffs refused.

The first, and most important, condition Defendants proposed (and that Plaintiffs rejected)

1

was that the reply brief should not be used to "introduce any new documents, facts, or legal arguments." (Doc. No. 399-1 at 3.) A bar on raising anything new for the first time in the reply is consistent with First Circuit precedent regarding reply briefs generally,[1] and objections to reports and recommendations specifically,[2] and Plaintiffs' refusal to agree to this condition cannot be justified. In the event Plaintiffs are permitted to file a reply, they should be precluded from introducing any new documents, facts, or legal arguments in that filing.

Nothing in the Motion justifies Plaintiffs' stated intent to include "new arguments, and potentially facts and documents, in response" as part of their proposed reply. (Doc. No. 399 at 3.):

1. Defendants' opposition to the Objections ("Opposition") referenced alternate grounds for affirming summary judgment that the R&R did not reach *that Defendants fully briefed before the Magistrate Judge*. (*Cf.* Doc. No. 399 ¶ 1.) Plaintiffs' opportunity to address these issues was in the summary judgment briefing before Magistrate Judge Boal.[3] The existence of such alternate grounds does not justify Plaintiffs using a reply to raise brand new arguments or facts that they failed to raise before the Magistrate Judge or before this Court in their Objections.

2. The Motion claims the Opposition contains "new arguments not addressed in prior summary judgment briefing," and provides three purported examples. (Doc. No. 399 ¶ 2.) As an initial matter, the Opposition does not raise new arguments: it fully reflects the positions Defendants took before the Magistrate Judge,[4] though as noted in the

---

[1] *See, e.g.*, *Smith v. Liberty Mut. Ins. Co.*, No. 1:20-CV-11583-ADB, 2021 WL 1581017, at *3 (D. Mass. Apr. 22, 2021) ("[W]hen a moving party raises an argument for the first time in a reply brief, that argument is waived." (internal quotation marks omitted)).
[2] *See, e.g.*, *Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 35 (1st Cir. 2017) ("[A] litigant must put its best foot forward before a magistrate judge, and cannot introduce new arguments for the first time on…review.").
[3] *See, e.g.*, *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their 'best shot' but all of their shots.").
[4] For example, the Motion calls out an oral argument answer that references the MLPEI Letter Mr. Doelger signed and the fact that the letter set forth Mr. Doelger's $100 million net worth (Doc. No. 368 at 26:23-27:11), ignoring the

Case 1:21-cv-11042-AK   Document 400   Filed 04/30/24   Page 3 of 6

Opposition, Plaintiffs failed to address such issues themselves before the Magistrate Judge.[5] All that said, these Opposition arguments were incontrovertibly made in response to arguments in Plaintiffs' Objections,[6] where Plaintiffs already had a complete opportunity to address these issues. In any event, *none* of this—even any purported need to respond to the Opposition—justifies an attempt to raise any *new* arguments, evidence, or documents for the first time in Plaintiffs' proposed reply.

Accordingly, nothing in the Motion would justify any attempt to raise new arguments, documents, or facts for the first time in a reply in support of the Objections.

The second condition to which Plaintiffs refused to agree was Defendants' request that, "in the event Defendants determine a sur-reply is needed, Plaintiffs agree not to oppose a request to file a sur-reply of not more than 12 pages by no later than May 10, 2024, so long as [Defendants] also meet condition (1) above"—*i.e.*, that Defendants also would not raise any new arguments, facts, or documents. Defendants would only request leave in the event a sur-reply were needed, which Defendants hope will not be the case[7]—but as a matter of fairness, sought a reciprocal agreement from Plaintiffs not to oppose such a request, and Plaintiffs declined to do so.

---

fact that the *same letter* also expressly referenced Mr. Doelger's $45 million in MLP holdings (*see* Doc. No. 276-60 at 1). The limited liability clause was also addressed previously (*see* Doc. No. 277 at 38-39, Doc. No. 321 at 19), as was the issue of whether Mrs. Doelger was bound by Mr. Doelger's obligations when she became a joint account holder (*see* Doc. No. 321 at 3 n.5).

[5] *See, e.g.*, Doc. No. 398 at 25 & n.125 (discussing Plaintiffs' failure to address the limited liability clause in the General Terms as part of their summary judgment briefing).

[6] *See* Objections at 8-9 (alleging Mr. Baker improperly modified the August 2015 email referred to in Doc. No. 399 ¶ 2.a); *id.* at 26 (arguing Chickasaw's liability could not be limited through the General Terms); *id.* at 17 (arguing the R&R incorrectly concluded that the Big Boy Letter does not apply to Yoon).

[7] Notably, Plaintiffs' indication that they plan to raise new arguments, facts and documents increases the likelihood that a sur-reply might be appropriate. As Defendants have previously mentioned (Doc. No. 388 at 2 n.1), Plaintiffs have raised new facts and arguments before in objections, replies, and sur-replies. *See, e.g.*, Doc. Nos. 247 (reply in support of motion to amend complaint, raising new arguments and attaching new evidence); 249 (same for reply in support of motion for jury trial); 296 at n.5, 19 & nn.57-58 (opposition to objections to Magistrate Judge's Order on motion to amend, pointing out new facts raised in Plaintiffs' declaration and new arguments raised in briefing); 338 (sur-reply in further opposition to motion for summary judgment, raising new factual and legal assertions and attaching additional evidence).

Finally, as to Plaintiffs' request to file their proposed reply on May 6, 2024, Plaintiffs have not sufficiently justified any need to depart from the standard seven-day reply deadline ordinarily applicable to replies. While Defendants ordinarily would be open to a reasonable extension, Plaintiffs' proposed extension to May 6, 2024, would not leave sufficient time for Defendants to file and for this Court to consider a sur-reply prior to the scheduled May 14, 2024 hearing, in the event a sur-reply is required. Therefore, the due date for any reply, should the Court deem such a reply necessary, should be one week from Defendants' April 26, 2024 Opposition, *i.e.*, May 3, 2024.

For the foregoing reasons, Defendants respectfully request that the Motion be denied. In the alternative, if the Court is inclined to grant the Motion, Defendants respectfully request that it be granted on the condition that (a) Plaintiffs introduce no new documents, facts, or argument in the reply, and (b) any reply be limited to 12 pages, to be filed no later than May 3, 2024.

Of course, Defendants respectfully defer to this Court's determination on what briefing it would find most helpful in reaching its decision on this matter.

Dated: April 30, 2024

Respectfully submitted,

*/s/ William H. LaGrange*
**DONTZIN NAGY & FLEISSIG LLP**
Tibor L. Nagy, Jr.*
Tracy O. Appleton*
William H. LaGrange*
31 East 62nd St.
New York, New York 10065
Tel: 212.717.2900
wlagrange@dnfllp.com

**MANATT, PHELPS & PHILLIPS LLP**
Joan A. Lukey (BBO #307340)
Max A. Jacobs (BBO #707327)

4

One Beacon Street, Suite 28-200
Boston, MA 02108
Tel: 617.646.1488
jlukey@manatt.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**BASS, BERRY & SIMS PLC**
Ryan R. Baker*
The Tower at Peabody Place
100 Peabody Place, Suite 1300
Memphis, TN 38103-3649
Tel: 901.543.5705
rbaker@bassberry.com

**FRENIERE LAW GROUP PLLC**
David J. Freniere (BBO No. 552273)
40 Grove Street, Suite 275
Wellesley, MA 02482
Tel: 781.489.5464
dfreniere@frenierelawgroup.com

*Attorneys for Defendant Chickasaw Capital Management, LLC*

*Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

      I, William H. LaGrange, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 30, 2024, and that paper copies will be sent to those indicated as non-registered participants on April 30, 2024.

                                         */s/ William H. LaGrange*
                                          William H. LaGrange