UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOON DOELGER, and<br>PETER DOELGER,<br><br>                              *Plaintiffs*,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*<br><br>                              *Defendants.* | No. 1:21-cv-11042-AK |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' <ins>NOTICE OF SUPPLEMENTAL AUTHORITY</ins>

Plaintiffs' notice of supplemental authority (Doc. No. 408, the "Notice") is improper[1] and fails to support their objections (Doc. No. 390, the "Objections") to Magistrate Judge Boal's Report and Recommendation (Doc. No. 383, the "R&R"). To the contrary, the authority they cite—*Sellers v. Trustees of Bos. Coll.*, No. CV 22-10912-WGY, 2024 WL 1586755 (D. Mass. Apr. 11, 2024)—supports *adopting* the R&R in full. To the extent the Court considers Plaintiffs' submission, Defendants respectfully submit the following short response.

First, *Sellers* does not concern any issues, or make any holdings, that suggest that Magistrate Judge Boal erred in any way in her carefully written 45-page R&R. Plaintiffs describe *Sellers* as "holding that a determination on whether ERISA fiduciaries breached their fiduciary duties involved disputed issues of fact that the court could not decide on summary judgment." Notice ¶ 2. But that description makes *Sellers* no more relevant here than any other breach of

---

[1] As a threshold matter, Plaintiffs' Notice contains legal arguments and commentary that are not properly before the Court and should not be considered absent this Court's leave pursuant to Local Rule 7.1(b)(3). *See, e.g.*, *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (collecting cases "holding that it is improper for a notice to include legal argument accompanying the cited authority," and concluding it would similarly "disregard any argument or commentary" in the notice at issue). Moreover, *Sellers* was decided on April 11, 2024—more than one month before oral argument on the Objections. If Plaintiffs believed *Sellers* was worth bringing to this Court's attention, they should have done so prior to the close of oral argument.

fiduciary duty case—including the many decisions of this Court granting summary judgment on fiduciary duty claims. *See, e.g.*, R&R at 35 (citing *Alantra LLC v. Apex Indus. Techs. LLC*, 636 F. Supp. 3d 223, 239 (D. Mass. 2022)).[2]

Second, Plaintiffs fail to tell this Court that, in *Sellers*, Judge Young **granted** summary judgment to the defendant, Boston College, with respect to whether Boston College complied with Plan documents—the claim that is least dependent on principles of ERISA law that are completely inapposite to this case:

> Boston College argues that there is no genuine issue of disputed material fact regarding whether it complied with the Plan documents and that it is entitled to a finding of prudence on Count III as matter of law…. This Court agrees with Boston College…. Thus, this Court GRANTS Boston College's motion for summary judgment on the alleged failure to comply with plan documents.[3]

*Sellers*, 2024 WL 15867555, at *27-28. Likewise, as Magistrate Judge Boal concluded, there is no genuine disputed issue of material fact here regarding whether Defendants complied with the MLPEI investments' documents—such that Defendants are entitled to summary judgment on Plaintiffs' fiduciary duty claims as a matter of law. *See* R&R at 37.

Finally, Plaintiffs urge this Court to review a section of Judge Young's order entitled "Epilogue: A Brief Reflection on Summary Judgment," which Plaintiffs say "contains an insightful discussion of the summary judgment standard." Notice ¶ 3. But that section of Judge Young's order fails to support Plaintiffs' Objections to Magistrate Judge Boal's R&R. To the contrary, Judge Young notes in that section that "every summary judgment motion denied exacts a toll on the entire district court caseload and contributes to the endemic delay and excessive cost of federal

---

[2] Needless to say, Defendants' relationship to Plaintiffs was not governed by ERISA. As *Sellers* only concerns obligations imposed by ERISA—"the highest known to the law"—the case is inapposite. *Sellers*, 2024 WL 1586755, at *5. Plaintiffs cannot rehabilitate their fiduciary duty claims by invoking inapplicable statutory regimes. *Cf. Zorbas v. U.S. Tr. Co.*, 48 F. Supp. 3d 464, 484-85 (E.D.N.Y. 2014) (rejecting fiduciary duty arguments based on Prudent Investor Act because "Plaintiff cites no authority, and the Court is unable to find any, to support the proposition that the Prudent Investor Act applies to managers of an investment account, like the Investment Account in this case").

[3] *Sellers* also granted summary judgment for Boston College on the claim that it failed prudently to monitor its fiduciaries. *See Sellers*, 2024 WL 15867555, at *40.

civil litigation." *Sellers*, 2024 WL 1586755, at *42. For the reasons set forth in the R&R, summary judgment is overwhelmingly warranted here—and Judge Young's decision in no way detracts from Magistrate Judge Boal's reasoning or her conclusion.

Dated:  June 17, 2024

Respectfully submitted,

*/s/ Tracy O. Appleton*
**DONTZIN NAGY & FLEISSIG LLP**
Tibor L. Nagy, Jr.*
Tracy O. Appleton*
William H. LaGrange*
31 East 62nd St.
New York, New York 10065
Tel: 212.717.2900
tappleton@dnfllp.com

**MANATT, PHELPS & PHILLIPS LLP**
Joan A. Lukey (BBO #307340)
Max A. Jacobs (BBO #707327)
One Beacon Street, Suite 28-200
Boston, MA 02108
Tel: 617.646.1488
jlukey@manatt.com

*Attorneys for JPMorgan Chase Bank, N.A.*

**BASS, BERRY & SIMS PLC**
Ryan R. Baker*
Ann A. Agee*
100 Peabody Place, Suite 1300
Memphis, TN 38103
T: 901-543-5705
rbaker@bassberry.com

**FRENIERE LAW GROUP PLLC**
David J. Freniere (BBO No. 552273)
40 Grove Street, Suite 275
Wellesley, MA 02482
dfreniere@frenierelawgroup.com

*Attorneys for Chickasaw Capital Management, LLC*

*Admitted pro hac vice

3

**CERTIFICATE OF SERVICE**

    I, Tracy O. Appleton, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 17, 2024, and that paper copies will be sent to those indicated as non-registered participants on June 17, 2024.

                                               */s/ Tracy O. Appleton*
                                               Tracy O. Appleton