# Exhibit A

©2024 FINRA. All rights reserved.

# Motion to Dismiss Order

**Submitted By:** Arthur Pressman (On behalf of the arbitration panel)
**Submitted Date:** 07/02/2024 02:17:10 PM EST

**Case ID & Parties:**
*FINRA Dispute Resolution Services*
Motion to Dismiss Order

**Case Number:** 23-02750

**In the Matter of the Arbitration Between**

| Claimant(s) | VS | Respondent(s) |
|---|---|---|
| Yoon Doelger | | J.P. Morgan Securities, LLC |
| Peter Doelger | | |

## PREHEARING CONFERENCE

1. Was a prehearing conference held and recorded?
- ● Yes
- ○ No

## PREHEARING CONFERENCE DATE & PARTICIPANTS

a. Prehearing conference date:
- ● **A prehearing conference was held in the above captioned matter on <u>03/28/2024</u> at <u>11:00 AM Eastern Time Zone</u>**

b. The following arbitrator(s) participated in the hearing:
Chairman: Arthur Pressman(Participated ☑)

Panelist: Frank Sanclemente(Participated ☑)

Panelist: Grady VerPlanck(Participated ☑)

c. The following party representatives participated in the hearing:
Identify Claimant Representatives:

| *Jamres R. Serrietella* |
|---|

Identify Respondent Representatives:

| *Tibor L. Nagy, Jr.* |
|---|

d. FINRA Dispute Resolution Services staff attendee:
- ○ The following FINRA Dispute Resolution Services Staff person participated in the hearing: _____
- ● **Not applicable**

©2024 FINRA. All rights reserved.

## ISSUES ADDRESSED

2. Issues addressed: (i.e., name of motion or request, by which party)
- **The following pleadings have been addressed:**

> *Respondent JP Morgan Securities LLC's Motion to Dismiss*

## ORDER DECIDED BY

3. Unanimous Ruling:
- **Yes**
- ◯ No

## RULING

**For Requests to Expunge Customer Dispute Information by a Respondent in a Simplified Customer Case File on or After October 16, 2023:**

If a Motion to Dismiss is granted and the only remaining claim is a request to expunge customer dispute information, the arbitrator shall hold an expungement hearing, pursuant to Rule 12805(c), to consider and decide the expungement request. At the conclusion of the expungement hearing, the arbitrator shall issue an award in accordance with Rule 12805(c)(8).

**For Requests to Expunge Customer Dispute Information by a Respondent in a Regular Hearing Customer Case File on or After October 16, 2023:**

If a Motion to Dismiss is granted and the only remaining claim is a request to expunge customer dispute information, the arbitration will close by award without a hearing. The panel shall not consider any request to expunge customer dispute information. Subsequently, the associated person may file a new claim under Rule 13805(a), requesting expungement of the customer dispute information.

4. After considering the pleadings submitted by the parties (and oral arguments, if a prehearing conference was held), the panel rules as follows:
- **The Motion to Dismiss is granted.**

    **If the Motion to Dismiss is granted, please provide a written explanation for your decision:**

> *After oral argument and extensive briefing by the parties, and upon deliberation by the panel, the panel unanimously rules that:*
>
> *1. Claimants' FINRA action against Respondent is time-barred by Rule 12206 -- we find that the investments at issue were purchased by Peter Doelger no later thnan November 2015, which is more than six (6) years before this action was initiated.*
>
> *2. Respondent JP Morgan Securities, LLC is not and was not associated with the accounts, securities or conduct at issue.*

> ***3. Claimant Yoon Doelger was not a party to the accounts at issue when her husband purchased the investments that give rise to their claims against Respondent.***
>
> ***4. In light of the federal court's denial of leave to Claimants Yoon and Peter Doelger to join JP Morgan Securities, LLC as as defendant in the matter pending at C.A. No. 1:21-cv-11402-AK (D. Mass.), the Panel finds that any claims that Claimants seek to make against JP Morgan Securities, LLC in this FINRA arbitration No. 23-02750 are precluded.***
>
> ***5. Claimants' claims in this arbitration are also precluded as duplicative of their claims in the federal action with respect to their prooofs to be offered and damages sought. See FINRA Rule 12209.***
>
> ***6. Claimants and JP Morgan Securities, LLC did not agree to FINRA arbitration of any disputes among them.***

○ The Motion to Dismiss is denied with prejudice.

○ The Motion to Dismiss is denied without prejudice.

○ A decision on the Motion to Dismiss is deferred.

If a decision on the Motion to Dismiss is deferred, please provide a written explanation for your decision:

**ASSESSMENT OF FEES**

If the Panel denies the motion, the Panel must assess the hearing session fees associated with any prehearing on the motion to the moving party(ies).

5. Cost of prehearing conference:

● **The hearing session fees for this prehearing conference are assessed as follows:**

**50**% to Claimant(s), jointly and severally

**50**% to Respondent(s), jointly and severally

_____% assessed to _____

_____% assessed to _____

_____% assessed to _____

_____% assessed to _____

○ Not applicable

**ATTACHMENTS**

There are no attached documents.