UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOON DOELGER, and<br>PETER DOELGER,<br><br>                                  *Plaintiffs*,<br><br>    vs.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*<br><br>                                 *Defendants.* | No. 1:21-cv-11042-AK |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

      Plaintiffs' latest notice of supplemental authority (Doc. No. 411, the "Notice") is improper[1] and in no way supports their objections (Doc. No. 390, the "Objections") to Magistrate Judge Boal's Report and Recommendation (Doc. No. 383, the "R&R"). The Notice is the second notice of supplemental authority that Plaintiffs have filed since the parties' May 14, 2024 oral argument on Plaintiffs' Objections to the R&R. Like the case Plaintiffs cited in the notice of supplemental authority they filed last month (Doc. No. 408), the case referenced in Plaintiffs' latest Notice, *Ben-Dor v. Alchemy Consultant LLC*, No. 2023-02697, 2024 WL 3363013, at *2 (N.Y. 1st Dep't July 11, 2024) (Doc. No. 411-1), is inapposite and does nothing to assist this Court. To the extent this Court is inclined to consider Plaintiffs' Notice notwithstanding their failure to comply with Local Rule 7.1(b)(3), Defendants respectfully submit the following short response for this Court's consideration.

---

[1] As a threshold matter, and as Defendants noted in response to Plaintiffs' prior notice of supplemental authority, Plaintiffs' Notice contains legal arguments and commentary that are not properly before the Court and should not be considered absent this Court's leave pursuant to Local Rule 7.1(b)(3). *See, e.g., Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021) (collecting cases "holding that it is improper for a notice to include legal argument accompanying the cited authority," and concluding it would similarly "disregard any argument or commentary" in the notice at issue).

1

*Ben-Dor* is legally and factually inapposite, does not support any of Plaintiffs' Objections to the R&R, and is not relevant to any of the issues before this Court:

- Whereas the R&R recommends granting Defendants' motion for summary judgment, *Ben-Dor* concerned a motion to dismiss, which involved "construing the complaint liberally, and according it the benefit of every possible favorable inference." *Id.* at *2 (Doc. No. 411-1 at 3).

- The New York state court decision in *Ben-Dor* was decided under the law of New Jersey, which is inapposite here.[2]

- *Ben-Dor* is factually inapposite. The majority concluded that New Jersey law would recognize a duty of care for a bank to enforce its anti-fraud procedures where it "publicized" those anti-fraud procedures in marketing materials provided "to the public at large." *Id.* at *7 (Doc. No. 411-1 at 4). Here, by contrast, Plaintiffs' case does not concern enforcement of anti-fraud procedures or the question of whether statements in public advertising can give rise to a negligence claim.[3]

- *Ben-Dor* is legally inapposite as to fiduciary duty. Despite the Notice's implication to the contrary (Doc. No. 411 at 1 n.1), *Ben-Dor* does not involve a fiduciary duty claim, and it says nothing about the kind of relationship that gives rise to a fiduciary duty under Massachusetts or New York law. Indeed, this Court specifically held last year—on a motion to dismiss standard—that Massachusetts statutory and common law did *not* support a fiduciary duty claim in a similar case concerning a bank's failure to prevent a fraudulent banking scheme. *Maio v. TD Bank, N.A.*, No. 1:22-CV-10578-AK, 2023 WL 2465799, at *4 (D. Mass. Mar. 10, 2023).

- *Ben-Dor* is also legally inapposite as to negligence. This case does not concern a purported duty of care based on public anti-fraud marketing materials. Thus, *Ben-Dor*'s analysis is irrelevant to Magistrate Judge Boal's determination that Plaintiffs' negligence claims fail due to the limitation-of-liability clause and Plaintiffs' lack of supporting allegations, evidence, or argument. Doc. No. 383 (R&R) at 37-40. And *Ben-Dor* is also irrelevant to the many other independently sufficient dismissal grounds that the R&R did not reach. *See generally* Doc. Nos. 398 at 24-27 nn. 139-142; 277 at 37-44; 321 at 19-21.

Accordingly, the *Ben-Dor* case is inapposite to the present action. It is not an appropriate case for a notice of supplemental authority, and the Notice referencing it is an unnecessary

---

[2] Even the case's status as New Jersey law is up for debate, as the dissent points out persuasively: "[I]t is telling that plaintiff cannot point to any New Jersey appellate precedent directly supporting [a bank duty of care based on an anti-fraud public marketing campaign]. A finding of a duty in this case would represent an expansion of banks' exposure to common-law negligence liability. And a significant expansion at that . . . ." *Id.* at *8 (Doc. No. 411-1 at 16).

[3] The Notice invokes Plaintiffs' allegations that Defendants violated "their own policies and procedures" (Doc. No. 411 ¶ 3)—but *Ben-Dor* found a duty based on the Bank "publiciz[ing]" its anti-fraud measures, not on whether the Bank violated such internal policies. 2024 WL 3363013, at *2, *7-*8 (Doc. No. 411-1 at 3, 15-16). In any event—and setting aside that there is no evidence of such a policy violation—the case law rejects the premise that a duty can be created by a defendant violating their internal policies. *See, e.g.*, Doc. No. 321 at 14 n.53.

distraction to this Court's work in assessing Magistrate Judge Boal's careful reasoning in the R&R. Notwithstanding *Ben-Dor*, and for the reasons provided in Defendants' papers, the R&R should be confirmed in full.

| | |
|---|---|
| Dated:  July 12, 2024 | Respectfully submitted, |

_____
**DONTZIN NAGY & FLEISSIG**
Tibor L. Nagy, Jr.*
Tracy O. Appleton*
William H. LaGrange*
31 East 62nd St.
New York, New York 10065
Tel: 212.717.2900
tappleton@dnfllp.com

**MANATT, PHELPS & PHILLIPS LLP**
Joan A. Lukey (BBO #307340)
Max A. Jacobs (BBO #707327)
One Beacon Street, Suite 28-200
Boston, MA 02108
Tel: 617.646.1488
jlukey@manatt.com

*Attorneys for JPMorgan Chase Bank, N.A.*

**BASS, BERRY & SIMS PLC**
Ryan R. Baker*
Ann A. Agee*
100 Peabody Place, Suite 1300
Memphis, TN 38103
T: 901-543-5705
rbaker@bassberry.com

**FRENIERE LAW GROUP PLLC**
David J. Freniere (BBO No. 552273)
40 Grove Street, Suite 275
Wellesley, MA 02482
dfreniere@frenierelawgroup.com

*Attorneys for Chickasaw Capital Management, LLC*

*Admitted pro hac vice

3

## **CERTIFICATE OF SERVICE**

      I, Tracy O. Appleton, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 12, 2024, and that paper copies will be sent to those indicated as non-registered participants on July 12, 2024.

                                                             */s/ Tracy O. Appleton*
                                                             Tracy O. Appleton