**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| YOON DOELGER, and PETER DOELGER,<br><br>*Plaintiffs,*<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., and CHICKASAW CAPITAL MANAGEMENT, LLC,<br><br>*Defendants.* | No. 1:21-cv-11042-AK |

**MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT ON PLAINTIFFS' CLAIMS; DISMISSAL WITHOUT PREJUDICE, OR A STAY, OF JPMC'S COUNTERCLAIMS; AND A STAY OF ANY MOTIONS FOR FEES OR COSTS**

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..... **1**

**GROUNDS FOR REQUESTED RELIEF** ..... **2**

I. THE COURT SHOULD ISSUE A PARTIAL FINAL JUDGMENT ON PLAINTIFFS' CLAIMS ..... 2

II. THE COURT SHOULD DISMISS JPMC'S COUNTERCLAIMS WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, STAY THEM ..... 2

III. THE COURT SHOULD STAY ANY APPLICATIONS FOR FEES OR COSTS PENDING PLAINTIFFS' ANTICIPATED APPEAL ..... 4

**CONCLUSION** ..... **5**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*DaimlerChrysler Corp. v. Commissioner*,
 CIVIL ACTION NO. 93-10799-MA, 2001 U.S. Dist. LEXIS 18325 (D. Mass.
 Oct. 23, 2001) ...................................................................................................................4

*Kosilek v. Spencer*,
 891 F. Supp. 2d 226 (D. Mass. 2012) .................................................................................5

*Niemic v. Galas*,
 286 F. App'x 738 (1st Cir. 2008)........................................................................................2

*Quinn v. City of Bos.*,
 325 F.3d 18 (1st Cir. 2003).................................................................................................2

*Small Justice LLC v. Xcentric Ventures LLC*,
 873 F.3d 313 (1st Cir. 2017)...............................................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) ............................................................................3

Federal Rule of Civil Procedure 54(b)...............................................................................1, 2, 4, 5

Federal Rule of Civil Procedure 54(d)...........................................................................................4

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Chickasaw Capital Management, LLC, together with Plaintiffs Yoon Doelger and Peter Doelger (the "Parties"), submit this Memorandum of Law in Support of the Parties' Joint Motion for Entry of Partial Final Judgment on Plaintiffs' Claims; Dismissal Without Prejudice, or a Stay, of JPMC's Counterclaims; and a Stay on any Motions for Fees or Costs (the "Joint Motion").

## PRELIMINARY STATEMENT

On October 17, 2024, JPMC filed a Motion for Entry of Partial Final Judgment on Plaintiffs' Claims and Dismissal Without Prejudice, or a Stay, of its Counterclaims (Doc. Nos. 422-423) (the "JPMC Motion"). Since the JPMC Motion was filed, the Parties have met and conferred to discuss the relief requested in the JPMC Motion, along with other procedural issues pending in this case. Those discussions resulted in an agreement amongst the Parties regarding their position on these procedural matters, which led to this Joint Motion.

As part of this agreement, Plaintiffs agreed to give their consent to the relief sought in the JPMC Motion. As a result, all Parties request that this Court:

(1) enter a partial final judgment on Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 54(b), and

(2) either (a) dismiss JPMC's counterclaims without prejudice to JPMC reasserting them if Plaintiffs revive any of their claims (either after Plaintiffs' anticipated appeal or in another action), or (b) stay JPMC's counterclaims until any appeal is resolved.

In turn, Defendants agreed that they would consent to Plaintiffs' request for a stay of any motions for fees or costs from Defendants. As a result, the Parties further request that this Court:

(3)  stay all deadlines and other proceedings concerning Defendants' potential application for attorneys' fees and costs pending resolution of Plaintiffs' anticipated appeal.

The Parties agree that the collective relief outlined above would benefit the Parties, this Court, and the interests of efficiency and justice. Granting the requested relief would help ensure that this case is resolved as promptly as possible and in a manner that will reduce the proceedings

1

needed in this action, thus minimizing the cost and burden on all involved. Accordingly, the Parties respectfully request that the Court grant the relief requested in this Joint Motion.

## GROUNDS FOR REQUESTED RELIEF

**I.     THE COURT SHOULD ISSUE A PARTIAL FINAL JUDGMENT ON PLAINTIFFS' CLAIMS**

The Parties agree that this Court should enter a partial final judgment on Plaintiffs' claims pursuant to Rule 54(b). For the reasons outlined in the JPMC Motion (*see* Doc. No. 423 at 10–12 of 20), this Court's memorandum and order granting Defendants' motion for summary judgment on Plaintiffs' claims (the "SJ Ruling") (Doc. No. 418) satisfies both considerations the First Circuit applies to determine whether a partial final judgment is appropriate. Specifically, the SJ Ruling "has the requisite aspects of finality," and there is no "just reason" for delay. *E.g.*, *Niemic v. Galas*, 286 F. App'x 738, 739 (1st Cir. 2008).[1] Accordingly, the Parties respectfully request this Court enter partial final judgment on Plaintiffs' claims.[2]

**II.    THE COURT SHOULD DISMISS JPMC'S COUNTERCLAIMS WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, STAY THEM**

Having now obtained Plaintiffs' consent, there is no opposition to the relief requested in the JPMC Motion with respect to JPMC's counterclaims. Accordingly, for the reasons provided in the JPMC Motion (*see* Doc. No. 423 at 12–17 of 20), this Court should (i) dismiss JPMC's counterclaims without prejudice to its ability to reassert them if Plaintiffs' claims are reinstated

---

[1] With respect to the "no just reason for delay" prong, Plaintiffs note that they do not join the assertions in the JPMC Motion regarding the reputation of JPMC's employees (*see* Doc. No. 423 at 12 of 20), but on their own behalf, Plaintiffs assert that their advanced age and Mr. Doelger's health provide additional reasons why there is no just cause for delay in entering final judgment on Plaintiffs' claims.

[2] Under First Circuit case law, "if a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning." *See Quinn v. City of Bos.*, 325 F.3d 18, 26 (1st Cir. 2003). If it will assist the Court, and presuming the Court agrees with the reasoning presented here and in the JPMC Motion, the Parties would be happy to submit a proposed order for the entry of partial final judgment for this Court's consideration.

after an appeal or asserted in another action, or (ii) stay the counterclaims during the pendency of Plaintiffs' anticipated appeal.

In addition to the grounds articulated in the JPMC Motion (*see* Doc. No. 423 at 13–16 of 20), the option of dismissing without prejudice draws further support from Plaintiffs' willingness to stipulate to such a dismissal. Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), ordinarily dismissal of a party's claims does not even require court approval where the "stipulation of dismissal [is] signed by all parties who have appeared." That said, because the Parties seek dismissal of JMPC's counterclaims under particular conditions—including ones that bear on the administration of this case—the Parties believe that obtaining Court approval of any such dismissal is the appropriate course of action.

Should this Court agree, the Parties request dismissal of JPMC's counterclaims without prejudice to JPMC reasserting them in this action if any of Plaintiffs' claims are reinstated after appeal.[3] If JPMC's counterclaims are reinstated under these circumstances, the Parties specifically ask that they be reinstated *nunc pro tunc* to their status immediately prior to their dismissal. In other words, any restored counterclaims would have the same status that they have today, as if they had not been dismissed. Thus, the Parties intend that the counterclaims would not be subject to new pleadings or new discovery; at the same time, the Parties would retain all the same rights or defenses that they currently have with respect to the counterclaims, all of which are expressly reserved.

Alternatively, if this Court prefers, the Parties also consent to this Court staying the counterclaims pending the final resolution of any appeal by Plaintiffs. This option is justifiable for the reasons provided in the JPMC Motion (*see* Doc. No. 423 at 17 of 20). If the Court enters

---

[3] Out of an abundance of caution, JPMC also asks (with Plaintiffs' consent) that it be permitted to reinstate its counterclaims in any other action Plaintiffs commence in which they assert the same or substantially similar claims.

3

such a stay, and if the SJ Ruling is affirmed on appeal, then JPMC would consent to its counterclaims being dismissed with prejudice. On the other hand, if any of Plaintiffs' claims were reinstated on appeal, then the stay on JPMC's counterclaims would be lifted.

For the convenience of this Court, the Parties have included proposed orders that it may use in connection with JPMC's counterclaims. If the Court decides to dismiss JPMC's counterclaims without prejudice, it can use the proposed order at Exhibit 1A (which includes signatures from all Parties stipulating to its terms). If the Court decides instead to stay the counterclaims, it has the option of using the proposed order at Exhibit 1B.

### III. THE COURT SHOULD STAY ANY APPLICATIONS FOR FEES OR COSTS PENDING PLAINTIFFS' ANTICIPATED APPEAL

Finally, Defendants have agreed to give their consent to Plaintiffs' request that any motions for attorneys' fees or costs from Defendants be stayed. Accordingly, this Court should also stay all deadlines and other proceedings concerning any application by Defendants for attorneys' fees or costs, under Rule 54(b) or otherwise, during the pendency of Plaintiffs' anticipated appeal.

Entering such a stay is appropriate because it would be inefficient to engage in briefing on any motion for fees or costs under FRCP 54(d) (or otherwise) while Plaintiffs' appeal is pending, particularly since JPMC's counterclaims may be reinstated. *See Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 326–27 (1st Cir. 2017) (holding that it was within the district court's discretion to allow a party to file a fee motion outside the 14-day time period prescribed by FRCP 54(d)); *see also DaimlerChrysler Corp. v. Commissioner*, CIVIL ACTION NO. 93-10799-MA, 2001 U.S. Dist. LEXIS 18325, at *10–13 (D. Mass. Oct. 23, 2001) ("[I]t was clearly within the court's discretion to extend the time for filing the request for fees, and that is what happened here . . . Fed. R. Civ. P. 54(d) grants the court discretion in setting [a schedule for requesting fees], including the ability to permit claims for fees 'to be filed after resolution of the appeal.'" (quoting

4

Comments on 1993 Amendments to Rule 54(d)(2))); *Kosilek v. Spencer*, 891 F. Supp. 2d 226, 22–28 (D. Mass. 2012) (entering order to extend "the time by which plaintiff shall file any motion for attorneys' fees"). In contrast, staying any such fee or cost applications until after Plaintiffs' appeal is resolved will allow the Court to address such applications in a more final and efficient manner.

In the event this Court agrees to stay such applications for fees or costs, the Parties have included a proposed order that accomplishes this result at Exhibit 2 for the Court's convenience.

## CONCLUSION

For the reasons set forth above, the Parties respectfully request that this Court grant the relief requested in this Joint Motion, by:

(1) entering a partial final judgment under Rule 54(b) dismissing Plaintiffs' claims;

(2) entering an order that either (a) dismisses JPMC's counterclaims without prejudice to them being reasserted in this action if any of Plaintiffs' claims are revived after appeal, or in any other action Plaintiffs file asserting substantively similar claims; or (b) stays JPMC's counterclaims until any appeal is resolved; and

(3) staying all deadlines and other proceedings concerning any potential application from Defendants for attorneys' fees and costs pending resolution of Plaintiffs' anticipated appeal.

Dated: October 25, 2024

Respectfully submitted,

 /s/ James R. Serritella
**KIM & SERRITELLA LLP**
James R. Serritella*
110 W. 40th Street, 10th Floor
New York, NY 10018
Tel: (212) 960-8345
jserritella@kandslaw.com

**GARDNER & ROSENBERG P.C.**
Joshua W. Gardner (BBO No. 657347)
One State Street, Fourth Floor
Boston, MA 02109
Tel. (617) 390-7570
josh@gardnerrosenberg.com

*Attorneys for Plaintiffs Yoon Doelger and Peter Doelger*

 /s/ Tracy O. Appleton
**DONTZIN NAGY & FLEISSIG**
Tibor L. Nagy, Jr.*
Tracy O. Appleton*
William H. LaGrange*
31 East 62nd St.
New York, New York 10065
Tel: 212.717.2900
tibor@dnfllp.com
tappleton@dnfllp.com

**MANATT, PHELPS & PHILLIPS LLP**
Joan A. Lukey (BBO #307340)
Max A. Jacobs (BBO #707327)
One Beacon Street, Suite 28-200
Boston, MA 02108
Tel: 617.646.1488
jlukey@manatt.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*


 /s/ Ryan R. Baker
**BASS, BERRY & SIMS PLC**
Ryan R. Baker*
The Tower at Peabody Place
100 Peabody Place Suite 1300
Memphis, TN 38103-3649
Tel: 901.543.5705
rbaker@bassberry.com

**FRENIERE LAW GROUP PLLC**
40 Grove Street, Suite 275
Wellesley, MA 02482
Tel: 781.489.5464
dfreniere@frenierelawgroup.com

*Attorneys for Defendant Chickasaw Capital Management, LLC*

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

      I, Tracy O. Appleton, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 25, 2024, and that paper copies will be sent to those indicated as non-registered participants on October 25, 2024.

                                              */s/ Tracy O. Appleton*
                                              Tracy O. Appleton