UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOON DOELGER and<br>PETER DOELGER,<br><br>        Plaintiffs,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A. and<br>CHICKASAW CAPITAL MANAGEMENT, LLC,<br><br>        Defendants. | Civil Action No. 1:21-cv-11042-AK |

## NOTICE OF APPEAL

Notice is hereby given that Yoon and Peter Doelger (the "Doelgers"), the plaintiffs in the abovenamed matter, hereby appeal to the United States Court of Appeals for the First Circuit from the District Court's Memorandum and Order (Dkt. No. 418) (the "Memorandum and Order") entered in this action on September 27, 2024, rendering a decision on Defendants' Motion for Summary Judgment (Dkt. No. 273), Defendants' Motion to Strike and Preclude (Dkt. No. 323), and Plaintiffs' Motion to Strike and Preclude (Dkt No. 335), and the related Magistrate Judge's Report and Recommendation (Dkt. No 383) (the "R&R") and Plaintiffs' objections thereto (Dkt. No. 390, 391) and the Magistrate Judge's Order, dated September 21, 2023 (Dkt. No. 271) (the "Motion to Amend Order 1"), denying Plaintiffs' Motion to Amend, which the District Judge affirmed in an electronic order, dated December 18, 2023 (Dkt. No. 343) ("Motion to Amend Order 2"). This appeal is taken from each and every part of the Memorandum and Order dismissing the Doelgers' complaint in its entirety, the R&R, the Motion to Amend Order 1 and the Motion to Amend Order 2.

1

The Doelgers acknowledge that as of the date of this notice, Defendant JPMorgan Chase Bank, N.A. ("JP Morgan") still has pending counterclaims against the Doelgers but it appears the *only* damages JP Morgan seeks are attorneys' fees incurred in connection with this action. Courts have held that whether an order is final turns on how claims for fees are characterized:

> If attorney's fees are characterized as a substantive matter, rather than a collateral matter, the failure to resolve them renders any judgment interlocutory with the consequent loss of efficiencies from an aborted appeal. If, by contrast, the attorney's fees issue is characterized as collateral, ***a failure to notice a timely appeal from any judgment entered on the merits, despite the absence of the resolution of the attorney's fees issue, may lead to the loss of appellate rights.***

*Rockland Trust Co. v. Computer Associated Int'l, Inc.*, No. 95-11683-DPW, 2008 U.S. Dist. LEXIS 61687, at *21-23. (D. Mass. Aug 1, 2008) (J. Woodlock) (emphasis added). Here, the Doelgers maintain JP Morgan's counterclaims for attorneys' fees is substantive and thus the Memorandum and Order is not final. However, an argument can be made that JP Morgan's claims for attorneys' fees are collateral (or that the characterization of the claims does not even matter) and thus the Doelgers are not certain their position would prevail. *See Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'r*, 571 U.S. 177, 185-86 (2014). Accordingly, the Doelgers are filing this notice of appeal out of the abundance of caution so that there is no "loss of appellate rights."

Certain courts have determined a party's claim for attorneys' fees is substantive when based on contract and such fees are an element of damages (as opposed to a prevailing party fee provision). *See Rockland Trust*, 2008 U.S. Dist. LEXIS 61687, at *21-23 ("The plain text of Rule 54(d) and the Advisory Committee Notes to the 1993 Amendments clearly indicate that the recovery of attorney's fees that must be submitted to the jury as an element of damages in a counterclaim cannot be awarded merely on the basis of the adjudication of a post-judgment

motion.") (internal citations omitted).  Here, JP Morgan's counterclaims are based on breach of contract claims, and as such, the Doelgers maintain that they are substantive.

Nonetheless, the Memorandum and Order, which adjudicated the merits of Plaintiffs' claims, arguably constitutes a final judgment under Supreme Court Precedent.  In *Ray Haluch*, although the Supreme Court addressed a claim for fees under a prevailing attorneys' fees provision, it suggested that its ruling could apply more broadly in all situations where attorneys' fees is all that remains at issue in a case.  571 U.S. at 179 ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from being final for purposes of appeal.").

Unfortunately, "the formalism which can attend resolution of the attorney's fees issue contains traps for the unwary, principally in the timing of an appeal." *Rockland Trust*, 2008 U.S. Dist. LEXIS 61687, at *21.  Accordingly, the only way for the Doelgers to guarantee they are filing a timely appeal is to file notice of appeal now and then again at a later date, *e.g.* after the District Court enters an order resolving JP Morgan's counterclaims.

Nothing in this notice shall be deemed a waiver of any of the Doelgers' rights, all of which are expressly reserved.

Dated:  October 28, 2024                     Respectfully submitted,

                                               YOON DOELGER and PETER DOELGER

                                               By their attorneys,

                                               /s/ James R. Serritella  
                                               James R. Serritella*  
                                               Hannah R. Freiman*  
                                               KIM & SERRITELLA LLP  
                                               110 W. 40th Street, 10th Floor  
                                               New York, NY 10018  
                                               T - (212) 960-8345

jserritella@kandslaw.com
*Pro Hac Vice*

Joshua W. Gardner (BBO No. 657347)
GARDNER & ROSENBERG P.C.
One State Street, Fourth Floor
Boston, Massachusetts 02109
T - (617) 390-7570
josh@gardnerrosenberg.com

5

**CERTIFICATE OF SERVICE**

      I certify that on this date the foregoing notice of appeal was filed electronically with the Clerk of the Court by CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of this Court's CM/ECF electronic filing system.  Parties may access this filing through the Court's system.

Date: October 28, 2024                                                       /s/ James R. Serritella
                                                                                       James R. Serritella