## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

YOON DOELGER, and
PETER DOELGER,

*Plaintiffs,*                         No. 1:21-cv-11042-AK

vs.

JPMORGAN CHASE BANK, N.A., and
CHICKASAW CAPITAL MANAGEMENT,
LLC,

*Defendants.*

**ORDER ENTERING FINAL JUDGMENT ON PLAINTIFFS' CLAIMS, DISMISSING
DEFENDANT JPMORGAN CHASE BANK, N.A.'S COUNTERCLAIMS WITHOUT
PREJUDICE, AND STAYING ALL DEADLINES AND PROCEEDINGS**

On September 27, 2024, the Court issued a Memorandum and Order (the "Order") [Dkt. 418] granting Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Chickasaw Capital Management, LLC's ("Chickasaw") (collectively "Defendants") Motion for Summary Judgment as to all of Plaintiffs Yoon and Peter Doelger's (the "Doelgers") claims. JPMC's counterclaims against the Doelgers were not addressed in the Order.

On October 17, 2024, JPMC filed a motion [Dkts. 422, 423] for entry of a partial final judgment on the Doelgers' claims and seeking to either: (1) voluntarily dismiss its counterclaims without prejudice, allowing it to reassert those claims if the Doelgers' claims are reinstated after appeal or if they attempt to assert substantively similar claims in another action; or (2) alternatively, stay JPMC's counterclaims during the pendency of any appeal. On October 25, 2024, the Doelgers and Chickasaw joined JPMC (collectively, the "Parties") in filing a joint motion (the "Joint Motion") [Dkts. 424, 425] requesting the same relief, as well as a stay of

1

Defendants' potential applications for attorney's fees or costs pending the resolution of the Doelgers' anticipated appeal.

On October 28, 2024, the Doelgers filed the Notice of Appeal [Dkt. 426].  On October 30, 2024, the Court issued an order [Dkt. 429] stating the action was administratively stayed pending resolution of the appeal.  On November 8, 2024, the Doelgers filed a motion [Dkts. 432, 433] requesting the Court rule on the previously filed Joint Motion.  Defendants took no position on that motion [Dkt. 434].  On November 27, 2024, the Court directed the Parties to prepare a single proposed order that enters final judgment on the Doelgers' claims, voluntarily dismisses JPMC's counterclaims without prejudice, and stays all other deadlines and proceedings in the action [Dkt. 435].

Having reviewed and considered all the aforementioned filings, and for the reasons stated therein [see, e.g., Dkt. 423 at 10–12; Dkt. 425 at 5] and below, the Court finds just cause for the entry of partial final judgment on Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 54(b).

First, the Order "has the requisite aspects of finality," as in it, the Court dismissed all of Plaintiffs' claims against Defendants.  See Niemic v. Galas, 286 F. App'x 738, 739 (1st Cir. 2008) ("We first ask 'whether the judgment has the requisite aspects of finality.'  The answer to that question is not in doubt here, since the judgment dismissed all claims against the medical defendants." (internal citation omitted)).

Second, the Court expressly finds there is "no just reason for delay."  Fed. R. Civ. P. 54(b).  Entering partial final judgment now will allow the Court to avoid wasteful and potentially duplicative litigation.  If any of the Doelgers' claims are reinstated after appeal, all claims and counterclaims can be dispensed with in a single trial.  On the other hand, "[i]f the summary

judgment order is affirmed on appeal," this means that, effectively speaking, JPMC's counterclaims "would be moot," which "weigh[s] in favor of a determination that there is no just delay." <u>Patel v. 7-Eleven, Inc.</u>, 504 F. Supp. 3d 1, 4 (D. Mass. 2020). There is no interrelation of claims that might render interlocutory appellate review inefficient. <u>See id.</u> Moreover, entering partial final judgment now will also prevent "unnecessary cost" from being incurred. <u>Niemic</u>, 286 F. App'x at 740. Finally, facilitating a prompt resolution of this matter also serves the interests of all parties involved.

For the foregoing reasons, it is now therefore **ORDERED**:

1. Final judgment is entered dismissing all the Doelgers' claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, based on an express determination that "there is no just reason for delay" in entering judgment in light of the findings and reasoning articulated above.

2. JPMC's counterclaims (as set forth in Counts I–III of its Answer, <u>see</u> Dkt. 25 at 93–96) are dismissed without prejudice to JPMC's right to reassert those claims under one of the following two circumstances: (1) in this action, but only in the event that any of the Doelgers' claims are reinstated after appeal of any final judgment dismissing the Doelgers' claims, or (2) in any action the Doelgers commence in which they assert the same or substantially similar claims.

3. In the event any of the Doelgers' claims are reinstated following an appeal of any final judgment dismissing the Doelgers' claims, JPMC's counterclaims will, upon JPMC's request after remand, be reinstated *nunc pro tunc* to their status immediately prior to their dismissal without prejudice pursuant to this Order.

4.  All deadlines and other proceedings in this action, including any application by Defendants for fees or costs, are hereby stayed pending the resolution of any appeal of any final judgment dismissing the Doelgers' claims.

5.  This stay will remain in effect until lifted by further order of this Court.

**SO ORDERED.**

Dated: December 9, 2024                                      _____/s/ Angel Kelley_____
                                                            Honorable Angel Kelley
                                                            U.S. District Court Judge