UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOON DOELGER, and<br>PETER DOELGER,<br><br>         *Plaintiffs*,<br><br>   vs.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*<br><br>         *Defendants*. | No. 1:21-cv-11042-AK |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY AND EXHIBITS
IN FURTHER SUPPORT OF THEIR MOTION TO UNSEAL**

Defendant JPMorgan Chase Bank, N.A. ("JPMC") respectfully submits this Opposition to Plaintiffs' Motion for Leave to Reply (the "Motion" or "Motion for Leave") in Support of Their Expedited Motion to Unseal (the "Motion to Unseal") Summary Judgment Exhibit 156 and Portions of Summary Judgment Exhibits 502, 514, and 515, which attaches 53 pages consisting of an 11-page proposed reply and dozens of pages of proposed exhibits (collectively the "Proposed Reply").[1]  Notably, this is not the first time Plaintiffs have attempted to file an improper reply. *See, e.g.*, Doc. No. 257 at 3-5.  JPMC is constrained to oppose the Motion for multiple reasons, including because Plaintiffs attempt (as they have on prior occasions) to introduce new arguments and new evidence on reply.

**I. THE MOTION IS ANTITHETICAL TO PLAINTIFFS' REQUEST FOR EXPEDITED TREATMENT AND IGNORES PLAINTIFFS' MULTIPLE ROUNDS OF PRIOR BRIEFING ON THESE ISSUES**

As reflected in the "Certificate of Good-Faith Conferal [sic]" attached to the Motion (at 4), before seeing the Proposed Reply, JPMC opposed the request for leave for two reasons.  First,

---

[1] Except as otherwise stated in this opposition, all capitalized terms have the meaning attributed to them in JPMC's opposition to the Motion to Unseal.  *See* Doc. No. 452.  Unless otherwise stated, all emphasis is added.

1

Plaintiffs filed the Motion to Unseal on an expedited basis and represented that time was of the essence, pressuring the Court to enter an order requiring JPMC to submit its opposition within three business days of that order (five total).  Doc. No. 446.  Plainly, it is unfair and prejudicial for Plaintiffs to force JPMC to defend itself on this schedule, while requesting multiple rounds of briefing for themselves.  But beyond this, asking the Court to spend time considering the 53-page Proposed Reply (along with adjudicating this Motion for Leave, and, if the Court deems it necessary, awaiting a sur-reply from JPMC) simply postpones the ruling that Plaintiffs claim is required on an expedited basis.

The second reason JPMC opposed any reply was that Plaintiffs have already submitted multiple rounds of briefs on these confidentiality matters (even if one sets aside the extensive motion practice Plaintiffs engaged in previously before this Court).  The 273-page Motion to Unseal attaches Plaintiffs' briefing before the First Circuit on precisely these issues.  Plaintiffs have had multiple bites at the apple already.  At some point, the briefing—and the burden it places on this Court to consider such briefing—must cease.

As the Motion acknowledges (at 4), JPMC also indicated that, if the Court denied Plaintiffs' Motion to Unseal, JPMC would not oppose a reply brief solely for the purpose of addressing the request for sanctions.  That remains the case.  JPMC does not oppose this Court considering portions of the Proposed Reply that bear on sanctions when this Court resolves JPMC's sanctions request.

II.  **THE PROPOSED REPLY ADDRESSES TOPICS THAT SHOULD HAVE BEEN (AND SOMETIMES WERE) ADDRESSED IN PLAINTIFFS' MOTION TO UNSEAL, AND PLAINTIFFS ATTEMPT TO RAISE NEW ARGUMENTS REGARDING THOSE TOPICS**

The Motion (at 2) suggests the Proposed Reply is needed to address JPMC's argument that Plaintiffs indisputably waived any challenge to the Sealed Exhibits (*see* Doc. No. 423 at 9-13).  This is an argument that Plaintiffs have known about, however, since December 11, 2024, when

2

they initially wrote JPMC to demand the Sealed Exhibits be unsealed. *See* Doc. No. 443-4 at 59 ("I note that the confidentiality of the materials you reference is a matter that was resolved long ago with Plaintiffs' participation and by orders of the Court. There is no ground for Plaintiffs to attempt to revisit these confidentiality issues and to change their prior positions."). The issue was also addressed in briefing before the First Circuit. Moreover, the Motion to Unseal itself (at 5) already addresses whether Plaintiffs "agreed to keep the Challenged Exhibits sealed indefinitely," attempting (improperly) to incorporate by reference Plaintiffs' First Circuit briefing on the subject. Far from addressing a new issue in JPMC's opposition, the Proposed Reply is intended to raise new arguments on this existing issue, which is improper.

"The purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum." *Napert v. Gov't Emps. Ins. Co.*, No. 13-10530-FDS, 2013 WL 3989645, at *2 n.4 (D. Mass. Aug. 1, 2013) (quoting *Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F.Supp.2d 298, 349 (D. Mass 2010)). Further, the Court has been clear that where a movant "raises an argument for the first time in a reply brief, that argument is waived." *Napert*, 2013 WL 3889645, at *2 n.4 (citing *EnergyNorth Natural Gas, Inc. v. Century Indem. Co.*, No. 99-cv-049-JD, 2007 WL 776124, at *1 (D.N.H. March 15, 2007)); *see also Genereux v. Hadric Laboratories, Inc.*, No, 04-12137, 2013 WL 12303198, at *2 (D. Mass. May 29, 2013) (stating that "[a]rguments raised for the first time in a reply memorandum will not be considered").

Here, Plaintiffs wish to use the Proposed Reply to suggest that the U.S. Constitution bars the Doelgers from waiving their purported right to subsequently challenge the confidentiality of the Sealed Exhibits. Doc. No. 456-1 at 3-5. Of course, the idea that a party cannot waive First Amendment rights (or other constitutional rights, such as the right to a jury) is baseless. This Court addressed a similar argument in *Hyunh v. City of Worcester*, when adjudicating a defendant's

3

motion to reopen the case due to a settlement agreement violation, specifically plaintiffs' counsel having shared confidential information with a newspaper reporter:

> First, Attorney Tumposky argues that a government entity [*i.e.*, defendant City of Worcester] cannot place restrictions on Plaintiff's conversations with the press and therefore, the confidentiality clause is unenforceable. ***Attorney Tumposky's attempt to characterize the confidentiality clause as an attempt by the City to restrain his client's First Amendment Right to Freedom of Speech is a non-starter.*** Attorney Tumposky advised his client to accept the confidentiality clause in exchange for the Defendants agreeing to settle the case for $47,000. Plaintiff agreed to the clause and signed the Release. Having agreed to the clause, Plaintiff and Attorney Tumposky were bound to comply with it. ***There is no First Amendment issue.***

*Huynh v. City of Worcester*, No. CIV.A. 08-40240-TSH, 2010 WL 3245430, at *3 (D. Mass. Aug. 17, 2010) (collecting cases holding parties can waive First Amendment protection even by contract); *see also id.* at 4 (ordering attorney who violated the settlement agreement to pay costs of filing and arguing motion to reopen). The Proposed Reply asserts that the constitutional rights of the public or the press "[are] not the Doelgers' right to waive" (Doc. No. 456-1 at 3 (emphasis removed)); in reality, they are not the Doelgers' right to ***raise.*** Thus, Plaintiffs cite case law where the press, as a third-party, sought additional unsealing (*id.* at 4-5), but they do not, and cannot, cite a case where a party affirmatively waived a confidentiality challenge and then later was permitted to renew that same challenge. In any event, given that this constitutional argument could have been raised previously but was not, this Court should not rely on it to rule against JPMC—or at minimum, JPMC must be given a full and fair opportunity to respond.

Similarly, the Proposed Reply's apparent argument (Doc. No. 456-1 at 5-6) that this Court was required, *sua sponte*, to do more to justify its Sealing Orders is a new argument Plaintiffs could have raised in their Motion to Unseal. The argument is also disrespectful to the time and effort this Court put into resolving Plaintiffs' heavily litigated challenges to the confidentiality of the MSJ filings. *See generally* Doc. No. 452 at 2-7 (describing proceedings before Magistrate Judge Boal addressing these issues). Among other things, this Court ordered Defendants to file a

4

motion to seal all documents in dispute, considered and resolved the motion, and then ordered the parties to provide a joint statement indicating how they had resolved issues amongst themselves regarding sealing. *Id.* at 3-5. The parties then submitted joint statements, reflecting their omnibus agreement to unseal ***virtually all*** of the MSJ filings, while leaving redacted or sealed a small portion of the most sensitive documents, including the Sealed Exhibits. *See id.* at 6; *see also* Doc. Nos. 366, 366-3, 386 & 386-1. While the Court had the right to *sua sponte* request further briefing on sealing issues, it was not *required* to do so—and plainly, considering the full sealing process and all of the parties' prior submissions, no further motion practice was needed.

Third and finally, the Proposed Reply argues for the first time that the Doelgers have not attempted to unilaterally de-designate JPMC's confidential documents. Doc. No. 456-1 at 9-10. The Motion to Unseal attempted to incorporate by reference Plaintiffs' First Circuit briefing on this issue (Doc. No. 443 at 5), and the Proposed Reply attempts to do the same (Doc. No. 456-1 at 10). To the extent this argument is developed for the first time on reply for purposes of supporting the Motion to Unseal (as opposed to addressing JPMC's request for sanctions), it should not be considered.

The Proposed Reply also rehashes a number of arguments, including that (a) the contents of the Sealed Exhibits that did not appear in the MSJ Order are actually "germane" to that order (Doc. No. 456-1 at 4, *see* Doc. No. 443 at 7)—they are not (*see* Doc. No. 452 at 18-19); and (b) the MSJ Order revealed something more about the Sealed Exhibits than was previously made public by agreement and court order (Doc. No. 456-1 at 4, *see* Doc. No. 443 at 4-6)—which is also not the case (*see* Doc. No. 452 at 7-9, 15-16). Plaintiffs' desire to improve on their prior arguments does not justify granting their Motion for Leave.

### III. THE PROPOSED REPLY ATTEMPTS TO INTRODUCE ENTIRELY NEW EVIDENCE WITHOUT JUSTIFICATION

The Proposed Reply also includes five new exhibits (Doc. No. 456-1 at 16-53). Attempting to introduce new exhibits for the first time on reply is improper and should not be condoned.

The Motion for Leave (at 1-2) suggests that the Proposed Reply is necessary to address the declaration of Justo Chamas (Doc. No. 452-4) (the "Chamas Declaration"). And a limited portion of the Proposed Reply addresses the Chamas Declaration (Doc. No. 456-1 at 6-7), mostly by failing to quote or consider most of that Declaration,[2] or by raising arguments this Court rejected when considering Defendants' last motion to seal. *See* Doc. Nos. 356 at 7-8, 358. That JPMC submitted a declaration in opposition does not itself require that Plaintiffs be given leave to reply without further response from JPMC. But setting that aside, none of the exhibits are used to address the Chamas Declaration, and nothing else in the Motion justifies permitting new evidence to be submitted (except to the extent it could possibly bear on the question of sanctions).

Moreover, JPMC would be prejudiced if this Court were to rule against JPMC based on newly submitted evidence that JPMC had no chance to address. Exhibits L and M, for example, consist of party communications that are out of context and that do not include JPMC's own statements (including JPMC's response to Exhibit M). Fairness would demand that, if the Court believes these exhibits weigh against JPMC's position (which they do not), JPMC should be permitted a sur-reply to provide the missing context and responses.

Finally, with the Proposed Reply, Plaintiffs attempt to submit (as Exhibit K) a copy of the article they worked with Bloomberg to have published. *See* Doc. No. 452 at 19 n.19. The Proposed

---

[2] The Proposed Reply calls the Chamas Declaration "conclusory" (Doc. No. 456-1), without addressing the detailed considerations the Chamas Declaration lays out, including the concerns that disclosure would (i) impede the ability of JPMC and its employees to communicate with one another with full candor and for JPMC to provide necessary guidance; and (ii) impact the effectiveness of policies and procedures by allowing those with improper motives to circumvent them. Doc. No. 452-4 ¶ 6. The Proposed Reply (Doc. No. 456-1 at 7) tries and fails to undermine the concrete competitive harm referenced in the Chamas Declaration, namely the risk that market competitors can access and use for free policies and procedures that JPMC used substantial resources to compile, create, draft, edit, and update. Doc. No. 452-4 ¶ 6.

Reply also includes a long string cite to other articles, many of which reprint or repackage the Bloomberg article.  Doc No. 456-1 at 8-9.  These references simply confirm what JPMC said in its opposition:  Plaintiffs are attempting to use the press to try to influence this Court.  Doc. No. 452 at 19 n.19).  Plaintiffs are not the press, and these articles do not reflect a need to reveal JPMC's confidential information—the cited articles were plainly written without that information.  Indeed, in the Motion to Unseal, Plaintiffs' argument relies not on the press, but on purported organizations they wish to solicit to submit *amici* in their appeal—organizations that Plaintiffs (with no sense of irony) have refused to identify.  Doc. No. 443 at 2-3.  Press articles are irrelevant to this argument, and there is no basis for submitting them as evidence at all—much less do they justify granting Plaintiffs' Motion for Leave.

At the end of the day, Plaintiffs filed the Motion to Unseal because *they* want to disclose JPMC's confidential information.  Plaintiffs are indisputably barred from doing so.  *See generally* Doc. No. 452.  They should not be permitted to initiate yet another round of briefing to argue otherwise.

IV.  CONCLUSION

For the foregoing reasons, the Motion for Leave should be denied, except to the extent this Court considers the Proposed Reply for purposes of reaching a determination on JPMC's request for sanctions.

| | |
|---|---|
| Dated: January 17, 2025 | Respectfully submitted,<br><br>  /s/ Tracy O. Appleton<br>**NAGY WOLFE APPLETON LLP**<br>Tibor L. Nagy, Jr.*<br>Tracy O. Appleton*<br>31 East 62nd St.<br>New York, New York 10065<br>Tel: 646.494.4900<br>tracy@nagylaw.com<br><br>**MANATT, PHELPS & PHILLIPS LLP**<br>Joan A. Lukey (BBO #307340)<br>Max A. Jacobs (BBO #707327)<br>One Beacon Street, Suite 28-200<br>Boston, MA 02108<br>Tel: 617.646.1488<br>jlukey@manatt.com<br><br>*Attorneys for JPMorgan Chase Bank, N.A.*<br><br>*Admitted pro hac vice |

**CERTIFICATE OF SERVICE**

I, Tracy O. Appleton, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on January 17, 2025 and that paper copies will be sent to those indicated as non-registered participants on January 17, 2025.

                                               */s/* Tracy O. Appleton
                                               Tracy O. Appleton